## 2795.  HILL v. BUTLER, STEVENS & CO.

The evidence authorized the verdict, and the charge of the court was free
from error.  If fuller instructions on any specific phase of the case were
desired, they should have been requested.

DECIDED JANUARY 31, 1911.

Trover; from city court of Savannah—Judge Freeman.  June
9, 1910.

*Twiggs & Gazan,* for plaintiff.  *Adams & Adams,* for defendant.

RUSSELL, J.  Hill brought an action of trover against Butler,
Stevens & Co., for the recovery of the value of three bales of Sea
Island Cotton.  It was alleged that there was a cash sale of the
cotton to one W. R. Purvis, that the money was never paid, and
that the property was converted by Butler, Stevens & Co.  The
plaintiff failed to show that two of the bales of cotton were ever ·
in the possession of Butler, Stevens & Co., and the court therefore
instructed the jury that there should be a finding in favor of the
defendants as to two of the bales of cotton, and confined the jury
to a consideration of the remaining bale, which admittedly was in
the possession of the defendants at the time of the demand.

It is tacitly admitted in the brief of the learned counsel for the
plaintiff in error that the verdict can be sustained unless the judge
erred in his instructions to the jury; and the assignments of error
in the three general grounds of the motion must be treated as
abandoned, because no reference is made to them in the argument.
As to these grounds of the motion it is sufficient to say that a re-
view of the evidence convinces us that the finding of the jury in
favor of the defendants was authorized at least, and that it·should
not be set aside unless some error in the charge of the court induced
a result different from what it would have been but for the instruc-
tions of which complaint is made.

It is insisted that the court erred in charging the jury as follows:
"A 'cash sale' means, ordinarily, that money should be paid down
when title to the property passes, but does not mean always that
money should be paid down when the possession to the property
passes.  If it was agreed in this case that the title would not pass
on delivery, and that there would elapse a time between the delivery
of the cotton and the time for the payment therefor,—any number
of days,—then such a transaction would be a cash sale, under the

law; but if it was agreed that the title would pass on delivery, and that there would elapse an agreed time between the delivery of the cotton and the payment therefor, from the time when the sale was made until the time agreed upon for payment, such a transaction would be a credit, and not a cash sale. The plaintiff must show to your satisfaction that the sale of the cotton was for cash. If he fails to do that, your verdict will be for the defendant. A sale for cash ordinarily imports some absolute payment at the time. Ordinarily it means present payment. 'Cash' means ready money in hand, but if the sale of cotton by a planter is for cash, the title does not pass with the delivery of the property, but only when payment is made under this statute. A plaintiff, gentlemen, can not make it a cash sale by so calling it. You are to determine what is the true character of the sale, and in determining that, you will look to all the facts and circumstances in evidence, the cardinal rule being to ascertain the intention of the parties to the contract." This instruction is alleged to be erroneous because it was misleading and confusing, and because it conveyed to the jury the idea that a sale for cash means for ready money in hand, and absolute payment at the time, and because it was not adjusted to the facts of the case, and especially because the jury were instructed that the agreement must be for a cash sale; whereas, under the law, the facts of a transaction determine its character as a cash or credit sale. Treating these objections in reverse order, we find nothing more in the last objection than that the instruction might have been more full and explicit in defining what was meant by the word "agreement." The judge might have told the jury that the agreement, if it was not expressed, might be implied from the facts of the transaction; but we can not hold that it was reversible error (in the absence of a request for fuller instructions) for the court to tell the jury that to constitute a cash sale, or in order for the produce mentioned in § 3546 of the Civil Code of 1895 to be sold on cash sale, there must have been an agreement to that effect. In order to constitute a sale of any kind there must be an agreement upon certain essentials; and in order to constitute a cash sale it must be understood between the parties that the sale is to be for cash. This agreement may be either express or implied from the circumstances of the transaction. Whether there be a direct statement to that effect, or whether it be inferred from statements, ne-

gotiations, signs, or symbols, there must be a meeting and concurrence of the minds of the two contracting parties to the effect that the title is not to pass until the payment is made, before the buyer and seller come within the provisions of § 3546. The charge was adjusted to the evidence. The fact that there is absence of evidence which is absolutely necessary to sustain the contention of one or the other of the parties to a suit does not relieve the court from the necessity of properly instructing the jury as to what are the essential facts necessary to be proved in the case. If in any case the jury are told what facts are essential, either for the prosecution or for the defense of the action, it does not follow that the charge is not adjusted to the evidence merely because the evidence essentially necessary is absent. If the jury finds, on investigating the evidence, that this is the case, the instruction conduces to the proper result.

Counsel properly argues that under the law governing sales of produce by commission merchants on cash sale, the only requirement is that the terms of sale be for cash; and we think the judge so told the jury, though not in that exact language. Nor is there any error in the excerpt from the charge of which complaint is made in the second ground of the amendment to the motion for a new trial. It is there insisted that the court erred in instructing the jury that the mere fact that cotton was sold and a check was to be sent next day did not make a cash sale. It is contended that the instructions not only misstated what in law constitutes a cash sale, but did not truly state the facts as testified; that the charge led the jury to believe that credit was extended by the agent of the seller until the next day, when, as a matter of fact, payment had to be postponed until the next day because the purchase price could not be determined until the cotton was weighed, and it could not be weighed until the next day. The excerpt complained of is as follows: "Unless Smith's testimony shows that there was a cash sale, you would have to find for the defendants. The mere fact (if you find that Smith so testified) that he sold the cotton, and Purvis promised to send him a check the next day and did not, would not make out that case. It must be shown that the party making the contract with reference to the sale agreed that it should be on cash sale, and that, therefore, there should be ño passing of the title to the property, under the statute to which I have called your attention, notwithstanding a delivery of the property." As we have al-

ready said, there must be either an express or a tacit agreement that the property is to be sold for cash, or else the rights of the parties are not affected by those provisions designed for the protection of producers of staple farm products, and of those factors and commission merchants through whom a large portion of their business is transacted. It is plain, from a reading of the charge of the court as a whole, that the word "agreed" was used as synonymous with the word "understood," and that the jury could not have been misled, to the prejudice of the plaintiff, by the instructions of the court, which, as a whole, were very favorable to the plaintiff. We repeat that in order to constitute a cash sale, under § 3546, supra, it must be understood or agreed between the parties that the sale is to be for cash; and, under numerous decisions of the Supreme Court, the crucial test of the rights of one who seeks to avail himself of the benefits conferred by our statute is to be found in the understanding or agreement of the parties at the time of the sale, in determining whether the transaction is for cash or on credit. It has several times been held that although time is required in order to procure the actual money in which the payment is to be made, the transaction would still be construed to be a cash sale, or a sale for cash, if this was the understanding of the parties; and on the other hand, if there was no understanding on the part of the parties as to the terms of the sale, the transaction has been held to be on credit, though only a brief time was to elapse between delivery and payment. Even if under the terms of § 3546 a sale in a certain instance, in the absence of anything to the contrary, may be presumed to be for cash, still we are not prepared to say in this case that the circumstances were not sufficient to authorize the jury to find such a presumption to have been rebutted.

*Judgment affirmed.*