ETHERIDGE vs. THE STATE OF GEORGIA.

1. A fraudulent conversion is a deception deliberately practiced in order to gain an undue and unfair advantage. The conduct of the defendant in this case is consistent with honest and fair dealing; and under the facts, there was no fraudulent conversion by the defendant of the proceeds for which the horse was sold.
2. A new trial should have been granted on account of the newly discovered evidence of a witness, who would testify that he heard the prosecutor tell the defendant to take the horse and sell it for what he could get; to do the best he could; thus making the third arrangement between the parties. The defendant might well have concluded that the prosecutor was to pay for the food of the horse under this last arrangement.
(a) The defendant being an old man, and the evidence showing that he has always borne a good reputation for honesty, the ends of justice require that a new trial should be granted.

October 19, 1886.

Criminal Law. Verdict. Evidence. New Trial. Be-

fore Judge Marshall J. Clarke. Fulton Superior Court. March Term, 1886.

Reported in the decision.

J. H. Smith; Geo. T. Fry, for plaintiff in error.

C. D. Hill, solicitor-general; Jas. Mayson; Wm. P. Hill, for the State.

Blandford, Justice.

1. The plaintiff in error was indicted, under section 4424 of the code, for fraudulently converting to his own use the proceeds of a horse with which he had been intrusted by the owner to sell, and was convicted. The testimony of Bagwell, the prosecutor, showed that he had delivered the horse to defendant under an agreement between them that accused was to take the horse and sell him and to be at all expense, and was to have all over forty-five dollars the horse brought. The accused failing to sell the horse, Bagwell agreed that he might have all over forty dollars he could get. The accused finally sold the horse for thirty dollars, nineteen dollars in a note on the purchaser and eleven dollars in cash; he tendered the note to Bagwell, which he refused to receive. The eleven dollars he used in paying for the food for the horse, according to his statement. If these facts are true, then there was no fraudulent conversion by accused of the proceeds for which the horse was sold. A fraudulent conversion is a deception deliberately practiced in order to gain an undue and unfair advantage. The conduct of the accused is entirely consistent with honest and fair dealing.

2. But however this might be, we think that the court should have granted a new trial on account of the newly discovered evidence of Humphries, who deposes that he heard Bagwell tell the accused to take the horse and sell him for what he could get; to do the best with him he

could; and this made the third arrangement between Bagwell and accused about the horse. The accused might very well have concluded that Bagwell was to pay for the feed of the horse under this last arrangement. When it is considered that the accused is an old man, and the proof shows that he has always borne a good reputation for honesty, we think the ends of justice require that a new trial should be ordered in this case, and it is accordingly ordered.

Judgment reversed.