## HOLLIS *v.* THE STATE.

1. Section 34 of article 20 of the act of 1919, to regulate banking, etc., is not violative of the constitutional inhibition against imprisonment for debt; it being designed to punish, not for non-payment of debt, but for practicing the fraud specified.
2. Testimony of what was shown and not shown by an individual-deposit sheet exhibited, that " came from the proper custodian of the books in the bank," given by a witness who had not kept the books and did not testify from his own knowledge, was subject to objection as secondary and incompetent.
3. The sheet just referred to was also not admissible over objection that it was not properly identified, it not appearing that the books in the bank were correctly kept.
4. Where a witness was asked whether during a stated month he gave any checks on the bank and signed them with the name of the accused, it was not error to exclude an expected answer, " I did," as this without more would have been immaterial.

No. 2420.　OCTOBER 14, 1921.

Accusation of fraud in uttering check. Before Judge Price. City court of Tifton. January 3, 1921.

*H. H. Hargrett* and *W. B. Bennet,* for plaintiff in error.

*R. E. Dinsmore, solicitor,* and *J. S. Ridgdill,* contra.

FISH, C. J. 1. Section 34 of article 20 of the act of the General Assembly entitled " An act to regulate banking in the State of Georgia," etc., approved August 16, 1919 (Georgia Laws 1919, pp. 135, 220), provides: " Any person who, with intent to defraud, shall make, or draw, or utter, or deliver any check, draft, or order for the payment of money upon any bank, or other depository, knowing at the time of such making, drawing, uttering, or de-

livery that the maker or drawer has not sufficient funds in or credit with such bank, or other depository, for the payment of such check, draft, or order in full upon its presentation, shall be guilty of a misdemeanor. The making, drawing, uttering, or delivering of such check, draft, or order as aforesaid shall be prima facie evidence of intent to defraud. The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank or depository for the payment of such check, draft, or order." This section of the act is not unconstitutional as violative of article 1, section 1, paragraph 21, of the constitution of this State, which prohibits imprisonment for debt. The section is not designed for punishment for mere non-payment of debts, but provides for the punishment of persons practicing the fraud specified therein. See *Smith* v. *State*, 141 *Ga.* 482 (81 S. E. 220, Ann. Cas. 1915C, 999).

2. The defendant was charged in an accusation preferred against him in the city court of Tifton, on August 28, 1920, with a violation of the section of the act quoted in the foregoing note, in that he, on June 4, 1920, with intent to defraud, drew a check on the Bank of Tifton, for a certain sum of money, in favor of a designated person (a copy of the check being set out in the accusation), and delivered the same to the payee, knowing at the time the check was drawn and delivered that he did not have sufficient funds in or credit with such bank for its payment. On the trial the defendant was convicted. His motion for a new trial was overruled, and he excepted. A ground of the motion for a new trial complains that the court erred in holding, over defendant's objection, the following evidence of a witness for the State to be admissible: "This sheet [indicating instrument attached to this brief and marked Exhibit B] came from the proper custodian of the books in the Bank of Tifton. It is the individual-deposit sheet of [the defendant]. It shows that [the defendant] had a balance of seventy cents in the bank on April 1, 1920, and had made no deposit there since that time. He might have made a deposit in some other name, but if he had made it in his own name it would have shown on this sheet. I can not swear positively that he had made no deposit since April 1, 1920, but this sheet does not show that he did." This ground of the motion states that the witness had testified "that he did not keep the books of the

Bank of Tifton," the objection urged to the admissibility of the testimony being that "it was secondary evidence, it not having been shown that the witness knew of his own knowledge anything about the matter." The "sheet" attached as an exhibit to the motion appears to be a deposit account kept by the defendant with the Bank of Tifton, showing various items of deposit by the defendant, and various checks drawn by him, stating the dates of the month and the amounts of each deposit and each check from January 5 to April 10, but not designating any year.

The court erred in not excluding the testimony on the objection made.

3. The court also erred in admitting in evidence against the defendant the "sheet" or written instrument referred to in the next preceding note, the evidence being objected to on the ground that "it was not properly identified," because it was not shown who kept the books, nor that they were correctly kept.

4. A witness for the defendant was asked by his counsel the following question: "Did you during the month of June, 1920, give any checks on the Bank of Tifton and sign the name of [the defendant] to them?" Counsel informed the court that the witness would answer, "I did." The court refused to permit the answer to the question. The answer, "I did," without more, would have been immaterial, and the court did not err in excluding it.

5. As a new trial is granted on other grounds, a ruling as to the alleged newly discovered evidence is not required.

6. The court erred in not granting a new trial on the grounds dealt with in the foregoing notes numbers two and three.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent on account of sickness.*