## MEYERS *v.* WHITTLE, sheriff.

HILL, J.   1. The act of 1924 (Ga. L.' 1924, p. 195) provides for the execution of persons sentenced to the punishment of death by electrocution. In section 7 of that act is the proviso: "this bill shall not affect any person now under indictment for murder."

2. Where one was indicted for murder prior to the passage of the act of 1924, supra, and was convicted and sentenced to death by hanging, which was the law of this State at the time of the passage of the act of 1924, and where the defendant filed a motion for new trial on various grounds, which was overruled, and he excepted and brought his case by bill of exceptions to the Supreme Court, which affirmed the judgment of the lower court, and he did not then raise the question that the sentence of death by the court by hanging was unconstitutional and void because of the passage of the act of 1924, the defendant can not subsequently by a writ of habeas corpus raise the question that the act of 1924, supra, repealed the law which prescribed death by hanging in cases where one had been indicted of murder prior to the passage of the act of 1924, because he had full opportunity of raising this constitutional question by exceptions to the judgment sentencing him to execution by hanging.

3. Where one who has been indicted for murder has had full opportunity under the constitution and laws of the State to defend his case in the courts having jurisdiction thereof, in person, by attorney, or both, according to established constitutional rules of procedure, he has been afforded due process of law under the State and Federal constitutions, which provide that no person shall be deprived of life, liberty, or property, without due process of law.

(*a*) Where such an opportunity has been afforded the defendant he has been accorded the equal protection of the laws.  *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817); *Daniels* v. *Towers,* 79 *Ga.* 785 (7 S. E. 120); Frank *v.* Mangum, 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969).

4. The act approved August 16, 1924 (Ga. L. 1924, p. 195), did not repeal Penal Code (1910) § 1069, which provides death by hanging in cases where one was indicted for murder prior to the passage of the act of 1924, and which provides that said act should not affect any person under indictment for murder at the time of the passage of the act.

5. Under the Penal Code (1910), § 18, all crimes shall be prosecuted and punished under the laws in force at the time of the commission thereof, notwithstanding the repeal of such laws before such trial takes place.

6. The repealing clause of the act of 1924, supra, did not repeal Penal Code (1910) § 18, nor § 1069, which provides death by hanging so far

# 510

as concerns pending cases of persons who were indicted for murder prior ·to the ·passage of the act of 1924.

7. The proviso,' or saving clause of section 7 of the act of 1924, supra, is ·not void as in violation of the provision of the constitution that laws of a general nature shall have uniform operation throughout the State, and that no special law shall be enacted in any case for which provision has been made by an existing general law, for the reason that the proviso or saving clause left in force two methods of executing the death penalty in the State of Georgia upon persons charged with the offense of murder, one by hanging and one by electrocution.

8. Neither does said proviso violate art. 6, sec. 9, par. 1, of the constitution of the State of Georgia, which provides: "The jurisdiction, powers, proceedings, and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform."

9. Neither is said proviso, or saving ·clause, in violation of art. 1, sec. 3, par. 2, of the constitution of the State of Georgia (Civil Code of 1910, § 6389), which provides: "No bill of attainder, ex post facto law, retroactive law, or law impairing the obligation of contracts, or making irrevocable grants of special privileges or immunities, shall be passed."

10. None of the assignments of error are meritorious, and the court below did not err in remanding the defendant to the custody of the sheriff of Richmond County, to be dealt with as directed by the court.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

HINES, J., concurs in the result.

No. 7663. NOVEMBER 18, 1930. REHEARING DENIED DECEMBER· 13, 1930.

518

*Pierce Brothers,* for plaintiff.

*George Hains, solicitor-general,* and *John M. Graham,* for defendant.