27920. McJENKIN *v.* THE STATE.

DECIDED FEBRUARY 10, 1940. REHEARING DENIED MARCH 23, 1940.

*Claude F. Brackett, A. J. Hall,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacINTYRE, J. Mr. Wharton, in discussing larceny, says: "Where property is taken under a claim of right, if this claim be bona fide and fair, the court should direct an acquittal." 2 Wharton's Criminal Law, 1345, § 1121. In his statement to the jury the defendant said: "I certainly never had any intention of stealing anything from Mr. Arnold and I did not steal anything from him. He actually owes me an amount of money and I owe him a lesser amount." Continuing, Mr. Wharton says: "Taking in order to force the payment of a debt may be larceny when the intention is to deprive the owner permanently of his property in case the debt is not paid. It is otherwise when the taking is in pursuance of an honest claim of title. Nor, when the object is not to defraud, but to obtain a just settlement, can there be held to be such a fraudulent intent as will sustain a conviction." 2 Wharton's Criminal Law, 1346, § 1122. Thus, if the money was retained with the object not to defraud the prosecutor but to obtain a just settlement of mutual debts, it should not be held to be such a fraudulent intent as will sustain a conviction. Where, at the time of the alleged conversion, the defendant stated, and other evidence tended to show, that he was holding the money in order to obtain a just settlement between himself and the prosecutor about matters that all grew out of the same transaction, it should be made to appear by plain and convincing evidence that the claim was not bona fide, for if the claim was bona fide, even though the defendant may have been mistaken in his opinion, he should not be convicted.

It is not fit that disputes of bona fide and fair claims of right should be settled in a manner to bring a man's liberty into jeopardy, but the civil courts rather than the criminal courts should be used. There is a manifest impropriety under the penal system of

Georgia of trying, in the criminal courts, a question of property, which it is the intention of the legislature to relieve from the incidents of imprisonment. The failure to return the money in this case must have been wrongful and fraudulent, and, in order to have been a criminal conversion, must have been done with a positive intent to defraud. *Georgia Railroad* v. *Cubbedge,* 75 *Ga.* 321, 324. If the defendant retained the money in a bona fide effort to obtain a just settlement of the debt under an open and bona fide claim that the prosecutor owed him more than the sum retained, he is not guilty of larceny after trust, and it is immaterial whether his claim is well founded; that is, that he would prevail in a civil action. The question is whether the claim was made in good faith. The fact that at the time of the taking of property a person had the hope or expectation of replacing it, as where a cashier takes the money of a bank for the purpose of speculation and expects to return it, can not be admitted as an excuse before the law as being an act not done with intent to defraud, for when he takes the money which has been intrusted to him he deprives the owner of his dominion over it, knowing that he has no legal right to do so (and every man is presumed to know the law), and a guilty intent is necessarily inferred from the voluntary commission of such an act, the inevitable effect of which is to deprive the true owner of his property. But where money is intrusted to a person for a specific purpose, and he in good faith retains the money in order to obtain a just settlement of matters involved in the same transaction, and believing he has a right so to do, he is not guilty of larceny after trust, for, theoretically, if the prosecutor would give back to the defendant his property, the defendant would give back to the prosecutor his property; in other words, there would only be a retention in good faith pending a just settlement of debts, and not a fraudulent conversion which is a necessary element in larceny after trust. Spalding *v.* People, 172 Ill. 40 (49 N. E. 993, 999); *Snell* v. *State,* 50 *Ga.* 219; *Etheridge* v. *State,* 78 *Ga.* 340; *Almand* v. *State,* 110 *Ga.* 883, 886 (36 S. E. 215, 78 Am. St. R. 140).

"While in criminal cases the question of intent is one entirely for the jury, yet, where, from all the facts and circumstances in the case, an intent to defraud is not reasonably deducible, there can be no conviction of an offense of which an intent to defraud is neces-

sarily an essential element." *Wood* v. *State*, 11 *Ga. App.* 242 (74 S. E. 1100). Applying the facts in the instant case to the principle of law above stated, we do not think the State carried the burden of showing by plain and convincing evidence that the defendant's claim was not made in good faith. His conviction was not authorized and a new trial should have been granted.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*