TROUP *v.* THE STATE (three cases).

Nos. 17772, 17773, 17774. Argued March 10, 1952—Decided April 15, 1952.

*L. J. Courson, Elsie H. Griner* and *McDonald & McDonald,* for plaintiff in error.

*Edward Parrish, Solicitor-General,* and *J. P. Knight,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The petition for certiorari makes two assignments of error:

■ Error is assigned on the ruling by the Court of Appeals following a charge of the trial judge as to what constitutes a cash sale under Code § 5-9914, as follows: "The term 'on sale . . for cash' as stated in Code § 5-9914, which makes it penal to fail or refuse to pay for agricultural products, 'is not confined to sales where the payment of actual money is to be made immediately, but includes all sales where it is expressly understood that the payment of actual money shall not be delayed for any longer period of time than is necessary, in the ordinary and usual course of business.' " It is insisted that such rule is too vague and indefinite to be applicable to criminal cases.

In construing this section it is clear that "on cash sale" or "for cash" as there used is not confined to sales where coin or currency is paid at or before delivery of the article, as the section would mean nothing and never have any application if so limited. Where a sale for cash is consummated, and by some subterfuge the purchaser evades payment, the element of fraud enters. It is therefore evident that the statute was enacted to cover cash sales where payment was not, in fact, made, and contemplates a sale as being for cash though a period of time may elapse between delivery and payment. Therefore, whether a sale is for cash or on credit becomes a matter of fact for the jury in each particular case. But to determine this question the rule as announced by the Court of Appeals, to wit, "that the payment of actual money shall not be delayed for any longer period of time than is necessary, in the ordinary and usual course of business," is too indefinite to apply in a criminal case. The ordinary and usual course of business as to the manner of buying and selling any particular articles covered by this Code section might, and probably does, vary in each community; and each community may itself have adopted, in the "usual course of business,"

a different manner of buying and selling the various articles covered by this section. Under such a rule there could be no uniformity in the enforcement of this statute. Its application would result in the determination of a person's guilt or innocence in accordance with the custom in the particular community in which he is on trial, with the further indefinite question to be passed on by the jury as to the time element between the delivery and the date when payment is due. Furthermore, the "usual course of business" in some particular locality might be entirely different from that existing generally in the industry throughout other localities. 25 C.J.S. 82, § 9. And in the trial of a criminal case there would be no method by which the jury could determine whether the "usual course of business" referred to the custom in the particular locality or that existing generally elsewhere. Accordingly, the exception to the foregoing rule announced by the Court of Appeals is well taken.

The cases of *McCall* v. *Hunter*, 8 *Ga. App.* 612 (2), (70 S. E. 59), and *Skinner* v. *Hillis*, 25 *Ga. App.* 711 (2b) (104 S. E. 508), cited in the opinion of the Court of Appeals were civil cases involving title. The other case, *Cornell* v. *State*, 64 *Ga. App.* 202 (12 S. E. 2d, 378), was a criminal case under the Code section here involved. One of the three Judges dissented. In the majority opinion it was there said, as in the case under review, "that the payment of actual money shall not be delayed for any longer period of time than is necessary, in the ordinary and usual course of business." Whether such ruling was essential to an affirmance of the case, or whether the case could have been affirmed on other grounds, need not here be determined, but suffice it to say such ruling should not have been made in the *Cornell* case, nor followed in the instant case.

This court has several times held sales to be for cash rather than credit though delivery was made prior to the time for payment. *Savannah Cotton-Press Assn.* v. *MacIntyre*, 92 *Ga.* 166 (17 S. E. 1023); *National Bank of Augusta* v. *Augusta Cotton & Compress Co.*, 104 *Ga.* 403 (30 S. E. 888); *Charleston &c. Ry. Co.* v. *Pope & Fleming*, 122 *Ga.* 577 (50 S. E. 374). Whether a sale is for cash or credit is determined by the intention of the parties to be ascertained from the agreement, understanding, or circumstances connected with the transaction. *Flannery* v.

*Harley,* 117 *Ga.* 483, 488 (43 S. E. 765); *Hill* v. *Butler, Stevens & Co.,* 8 *Ga. App.* 669, 672 (70 S. E. 34). While the rule was applied in civil cases, there is no reason why it should not be applicable to criminal cases, and provide uniformity to prosecutions under the Code section here involved.

■ The second exception relates to the charge of the court. The judge charged the jury that, if they found the accused guilty, they would have the right to recommend that he be punished as for a misdemeanor, and that, if they recommended punishment as for a misdemeanor, then the court would impose misdemeanor punishment. After the jury retired they were brought back and the following charge was given: "Gentlemen, I believe I failed to charge you in the event that you find the defendant guilty and recommend that he be punished as for a misdemeanor, that a misdemeanor punishment would be the punishment he would receive, unless the court saw fit to refuse to accept your recommendation. The court would have the right, in the event you recommended in these cases, or either of these cases, that the defendant be punished as for a misdmeanor —the court would have the right in the court's discretion to refuse to accept your recommendation. If the court should refuse to accept your recommendation for a misdemeanor punishment, then the period of time or years set out in your verdict would be the sentence that the defendant would receive."

This is not a case where an incorrect charge is given and subsequently a correct charge given, where the jury is expected to select one to the exclusion of the other, as in *Bryant* v. *State,* 191 *Ga.* 686 (13 S. E. 2d, 820), and citations. When the jury were recalled, the instruction given them corrected the omission in the charge and fully explained the right of the judge in his discretion to disregard a recommendation for misdemeanor punishment. This was not error, and the Court of Appeals did not err in so holding.

*Judgment reversed in part, and affirmed in part. All the Justices concur. Duckworth, C.J., and Candler, J., concur in the judgment, but not in all the rulings made in the opinion.*