21234. PLAPINGER *et al.* v. THE STATE.

ARGUED MAY 8, 1961—DECIDED JUNE 8, 1961.

*Young H. Fraser, George R. Jacob*, for plaintiffs in error.
*Andrew J. Whalen, Solicitor-General*, contra.

GRICE, Justice. Charles Plapinger and Paul C. Pitts were indicted by the grand jury of Upson County, Georgia, which charged that they bought grapes and "did make way with and dispose of the same before they had paid therefor, credit not having been expressly extended therefor." The indictment was in the language of *Code Ann.* § 5-9914, which provides: "Failing to pay for agricultural products and naval stores.—Any person, either on his own account or for others, who shall buy cotton, corn, rice, crude turpentine, spirits of turpentine, rosin, pitch, tar, timber, pulpwood, poultry and poultry products, cattle, hogs, sheep, goats, horses, mules, pecans, peaches, apples, watermelons, cantaloupes, or other products or chattels, and shall fail or refuse to pay therefor or shall make way with or dispose of the same before he shall have paid therefor unless credit shall be expressly extended therefor, shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than five years."

The defendants moved to quash the indictment, and they also filed demurrers thereto, upon grounds which may be grouped as follows: (1) that *Code Ann.* § 5-9914, upon which the indictment was predicated, is void in that it violates the Georgia constitutional prohibition against imprisonment for debt (*Code* § 2-121), and (2) that the indictment alleges the purchase and disposition of grapes whereas grapes are not included in the commodities embraced by *Code Ann.* § 5-9914.

The trial court denied the motion to quash and overruled the demurrers upon each and every ground. Error is assigned as to this latter ruling.

1. There is no merit in the contention that grapes are not within the products embraced by *Code Ann.* § 5-9914.

Although coverage of products by this section has never been adjudicated, there appears to us no other logical explanation for the words "or other products" than to include other agricultural products and other naval stores, although not specifically enumerated. Ejusdem generis, of the same kind, class or nature, includes the product involved here. Surely, it can not be said that grapes are not agricultural products.

2. The statute under which the defendants are indicted is claimed to violate the Georgia constitutional provision, "There shall be no imprisonment for debt" (*Code* § 2-121).

To obtain the protection afforded by this constitutional prohibition, the shoe must fit the foot. It must be shown that these defendants, if convicted, will be imprisoned because of only one factor—their unpaid debt for the grapes purchased.

To test the fit, we turn to the statute in question here, *Code Ann.* § 5-9914. As originally enacted (Ga. L. 1853-54, pp. 56, 57), and until 1959, this statute stated *conjunctively* the acts declared criminal so that both acts were necessary to constitute the crime: " . . . and shall fail or refuse to pay for the same *and* shall make way with or dispose thereof before he shall have paid for the same. . ." (Emphasis supplied.) However, in 1959 the statute was rewritten to state these acts *alternatively* so that either act alone constitutes an offense: " . . . and [1] shall fail or refuse to pay therefor *or* [2] shall make way with or dispose of the same before he shall have paid therefor unless credit shall be expressly extended therefor . . ." (Emphasis supplied.) We now consider each of these two acts.

(a) We make no ruling as to the portion of the statute dealing with the first prohibited act—failing or refusing to pay for the products—since the defendants are not charged with that offense. A decision as to the constitutionality of the portion of the statute not applied against these defendants is not necessary and therefore will not be made here. *White v. City of Atlanta,* 134 Ga. 532 (12) (68 SE 103); *Pippin v. State,* 205 Ga. 316 (1) (53 SE2d 482).

Our concern is with the act prohibited by the second portion of the statute, the offense for which the defendants were indicted —making way with or disposing of the products before paying for them.

The rule is that the constitutional provision prohibiting imprisonment for debt is not violated where the legislative purpose is to punish for an act declared criminal, not to enforce imprisonment for debt. *Duncan v. State,* 172 Ga. 186, 190 (157 SE 670) ; 16 C.J.S. 1010, Constitutional Law, § 204(4) ; 11 Am. Jur. 1130, Constitutional Law, § 327.

Thus, reduced to its essence, the question here is whether the purpose of the second prohibited act of *Code Ann.* § 5-9914 is to imprison (1) for failure to pay a debt, or (2) for the commission of an act which the statute makes criminal.

The fact that the legislature saw fit to change this statute so as to state the two prohibited acts alternatively, and thus to make them two separate offenses, is significant. It indicates that *something more than* mere failure or refusal to pay is contemplated by the second prohibited act. That something more is the making away with or disposing of the property while unpaid for. Thus, the gist of this second offense is the disposal of the property, not the fact that it is not paid for. Insofar as this second portion of the statute is concerned, the defendants here were immune from criminal prosecution so long as they refrained from committing the affirmative act which it forbids— making away with or disposing of the property. Having bought the grapes, they could have either returned them or retained them, and have been free from prosecution under this portion of the statute whether they paid for them or not. Thus, it is clear that "debt" is not the gravamen of this second offense.

It follows that these plaintiffs in error, if convicted, would not be imprisoned for any debt they owe and fail to pay, but for a crime.

3. The contention that the indictment should have alleged whether the grapes were purchased for the defendants' own account or on behalf of others was not made by demurrer in the trial court and thus was waived. Therefore, it can not be urged here. Cf. *King v. State,* 117 Ga. 39 (43 SE 426).

The indictment was not invalid for any reason assigned, and therefore the ruling of the trial judge was correct.

*Judgment affirmed. All the Justices concur.*