## 22114.   COFFEE v. THE STATE.

ARGUED JULY 9, 1963—DECIDED SEPTEMBER 5, 1963—
REHEARING DENIED OCTOBER 15, 1963.

*Will Ed Smith,* for plaintiff in error.

*Stephen Pace, Jr., Solicitor General, Warren Fortson, Eugene Cook, Attorney General, G. Hughel Harrison, Assistant Attorney General, LeRoy C. Hobbs,* contra.

ALMAND, Justice.  A. T. Coffee was indicted by the Sumter County grand jury for the offense of failing to pay for agricultural products in that he, being engaged on his own account and for others in the business of buying livestock and products sold by planters and commissioned merchants, did buy from Sumter Livestock Association, Inc. on cash sale 199 hogs for a specified price, said sale being a cash sale and the said Coffee did make away with and dispose of said hogs before having paid therefor. All the acts were charged as having been done in Sumter County. General and special demurrers to the indictment were overruled. Waiving a jury trial the defendant was tried before the judge who after hearing the evidence found him guilty and sentenced him to a term of not more or less than two years, subject to his serving his sentence on probation upon compliance with specified terms.  Coffee's motion for a new trial on the general grounds having been overruled, he brings the case here for review, assigning error on the rulings on his demurrers to the indictment and denying him a new trial.

This court has sole jurisdiction to review this case because the statute under which the indictment is framed is challenged by the demurrers as being violative of specified provisions of the State Constitution.

■ It is first contended that the indictment charges an offense under the Act of 1941 (Ga. L. 1941, p. 337) which in substance provided: "Any person engaged, either on his own account or for others, in the business of buying . . . cattle, hogs . . . sold by planters and commission merchants on cash sale, who shall buy such articles on sale from a planter or commission merchant for cash, and shall fail or refuse to pay for, and shall make way with or dispose of the same before he shall have paid therefor shall be imprisoned in the penitentiary for not less than one year, nor more than five years." But this Act was repealed by the Act of 1959 (Ga. L. 1959, p. 143; *Code Ann.* § 5-9914) which in substance provides: "Any person, either on his own account or for others, who shall buy . . . cattle, hogs . . . or other products or chattels . . . or shall make way with or dispose of the same before he shall have paid therefor unless credit shall be expressly extended therefor, shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than five years."

The defendant under the indictment is charged with buying the hogs at cash sale and making away with and disposing of said hogs before having paid therefor. This court in *Plapinger v. State*, 217 Ga. 11 (120 SE2d 609), held that the Act of 1959 creates in the alternative two offenses, the first where the purchaser fails or refuses to pay for products sold, and the second where the purchaser makes away with or disposes of the products before they have been paid for unless credit has been expressly extended for the products. It was there held that a conviction under the second portion of the Act of 1959—making away with or disposing of products before paying for them—did not violate the constitutional provision (*Code Ann.* § 2-121) prohibiting imprisonment for debt. It was pointed out in the opinion that the defendant in that case was not charged with a failure to pay for the products but with making away with or disposing of the products before paying for them. It was there said (p. 13):

"Our concern is with the act prohibited by the second portion of the statute, the offense for which the defendants were indicted—making way with or disposing of the products before paying for them."

The request to overrule *Plapinger v. State*, 217 Ga. 11, is denied.

We are of the opinion that the indictment charges an offense under the Act of 1959.

■ The demurrers challenge the constitutionality of the Act of 1959 (Ga. L. 1959, p. 143) in that the Act violates:

(a) Art. I, Sec. I, Par. II of the State Constitution (*Code Ann.* § 2-102) which provides: "Protection to person and property is the paramount duty of government, and shall be impartial and complete" in that "said Act arbitrarily classifies and unjustly discriminates against those classes of citizens who, as agents for others and so represent themselves to be, purchase property and make away with or dispose of the same, for the benefit of their principals, in good faith believing that the property has been paid for by the principal, or that credit has been extended to such principal; that said Act thus by its terms arbitrarily condemns as felons this class of citizens who are without fault and have no intention to harm or defraud the sellers of such property or anyone else; that the classification of citizens as felons who in good faith dispose of property purchased is arbitrary, unjust, and discriminatory, and is not impartial protection to the person."

(b) Art. I, Sec. I, Par. III of the State Constitution (*Code Ann.* § 2-103) which provides: "No person shall be deprived of life, liberty, or property, except by due process of law," in that "said Act condemns as a felon an agent who purchases property for his principal and disposes of the same believing that the principal has paid therefor; that said Act makes criminal a disposition of the property purchased unless credit has been expressly extended therefor, irrespective of the knowledge of whether the property has been paid for or whether credit has been extended; that said Act deprives a defendant of his liberty without liability, without fault, and without knowledge."

(c) Art. I, Sec. I, Par. XXI of the State Constitution (*Code Ann.* § 2-121) which provides: "There shall be no imprisonment

for debt" in that "said Act provides for imprisonment for the bare disposition of property by an agent who acts in good faith believing that the property purchased and disposed of by him as agent has either been paid for by his principal or his principal has been extended credit; that the disposition of a particular kind of property, to wit, that not paid for, is an act declared to be criminal; that the debt for the purchase price is an essential element of the offense; that the bare failure to pay, accompanied by a disposition of the property, whether in good faith, accidental, intentional or beyond the control of the defendant constitutes imprisonment for debt."

We are of the opinion that the statute is not subject to any of these objections. See: *Plapinger v. State,* 217 Ga. 11, supra; *Eubanks v. State,* 217 Ga. 588 (124 SE2d 269) ; *Lamar v. Prosser,* 121 Ga. 153 (4) (48 SE 977) ; *Meyers v. Whittle,* 171 Ga. 509 (156 SE 120) ; *Collins v. State,* 206 Ga. 95 (55 SE2d 599) ; *Hollis v. State,* 152 Ga. 182 (1) (108 SE 783).

■ By special demurrer it was asserted that the indictment fails to allege a specific intent on the part of the defendant to defraud or that the defendant knew at the time of the purchase and the disposition of the hogs that they had not been paid for or that credit had not been extended.

It may be noted that the Act of 1959 does not provide that the acts prohibited should be done knowingly or with intent to defraud. No attack is made upon the statute because it does not so provide. The indictment is in the terms of the statute. We are here dealing with the sufficiency of the indictment. Whether or not the State proved beyond a reasonable doubt that the defendant in buying the hogs and disposing of them did so with criminal intent will be considered on the general grounds of the motion for new trial.

■ The indictment charges that the defendant bought and disposed of the hogs in Sumter County. Special demurrer number 8 on the ground that it was not alleged in what county the hogs were disposed of or made away with is without merit.

■ The remaining special grounds that the indictment (a) does not allege whether the defendant was engaged on his own account or for others; (b) does not allege whether the hogs were pur-

chased for the account of the defendant or others; (c) does not allege whether the defendant was engaged on his own account or for others in disposing of the hogs; and (d) does not allege whether the cash for the purchase of the hogs was to be paid by the defendant or others, have been examined and none of them are found to be meritorious.

■ We come now to the general grounds of the motion for a new trial. We are of the opinion that the evidence is insufficient to support a verdict of guilty.

*Code* § 26-201 provides: "A crime or misdemeanor shall consist in the violation of a public law in the commission of which there must be a union or joint operation of act and intention, or criminal negligence." "While in criminal cases the question of intent is one entirely for the jury, yet where, from all of the facts and circumstances in the case, an intent to defraud is not reasonably deducible, there can be no conviction of an offense of which an intent to defraud is necessarily an essential element." *Wood v. State*, 11 Ga. App. 242 (1) (74 SE 1100). See *McJenkin v. State*, 62 Ga. App. 321 (7 SE2d 812); Morissette v. United States, 342 U.S. 246 (72 SC 240, 96 LE 288). We have carefully reviewed the evidence and in our opinion it is insufficient to show that the defendant in the purchase and disposition of the hogs did so with the intent to defraud the Sumter Livestock Association. Taking the evidence, most favorably to the State, it shows that the defendant was known to the manager of the association as a buyer of cattle and livestock, for himself and others. That in May 1962, the defendant informed the manager that he wanted to buy for the Smithfield Livestock Exchange; the manager made an investigation and found Smithfield's credit good. Later the defendant by telephone placed a bid for a lot of hogs. The bid was accepted. The defendant, who was a resident of Eastman, went to Americus and informed the manager that the purchase was for Smithfield Livestock Exchange. A bill of sale was executed by the association to the Smithfield Livestock Exchange for 201 hogs and the association accepted a check of Smithfield in the sum of $6,502.44. The check was made payable to the association and signed by "Smithfield Livestock Exchange, Inc. Noah Williams. Signed A. T. Coffee."

There was undisputed evidence that Coffee was not an officer or employee of or had any interest in Smithfield. Coffee informed Smithfield of the purchase. Smithfield sent two trucks to Americus and the hogs were loaded on the trucks. The defendant was not present when they were delivered to Smithfield. There is no evidence as to what happened to them. Subsequently the check of Smithfield was returned because of insufficient funds. The association made a claim against the bond of Smithfield and received $2,518.70, covering a part of its loss on the sale of the hogs.

It is thus seen that the manager of the association knew at the time of the sale that the defendant was acting as the agent of Smithfield; that the hogs were delivered to Smithfield and there is no evidence that the defendant had anything to do with their delivery or disposition. The evidence is wholly insufficient to show any act or conduct on the part of the defendant that would support the charge that his actions in the premises were done with the intent to defraud the association.

The evidence being insufficient to support the conviction, the court erred in not granting a new trial on the general grounds.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

CANDLER, Justice, dissenting. I dissent from the ruling made in Division 6 of the opinion and from the judgment of reversal. An Act which the legislature passed in 1959 (Ga. L. 1959, p. 143; Code Ann. § 5-9914) provides: "Any person, either on his own account or for others, who shall buy . . . cattle, hogs, sheep, goats, horses, mules, . . or other products or chattels, and shall fail or refuse to pay therefor or shall make way with or dispose of the same before he shall have paid therefor unless credit shall be expressly extended therefor, shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than five years." The uncontradicted evidence in this case shows that the defendant, while acting for Smithfield Livestock Exchange, Inc., bought 201 hogs in Sumter County and gave the seller a check for $6,504.44 as the purchase price therefor—a check which he was authorized to and did sign for his principal; that the hogs were

loaded on and hauled away in trucks belonging to his principal; and that the check he signed for his principal was turned down and not paid by the bank on which it was drawn and presented because of insufficient funds in Smithfield's account. These facts supported the finding that Coffee was guilty of the offense charged against him and it was not necessary, as the majority has ruled, for the State to prove that Coffee in purchasing and disposing of the hogs intended to defraud the seller. The penal offense which the Act creates and provides punishment for is committed when one purchases, either for himself or another, hogs or any of the other agricultural products or chattels mentioned in the Act and disposes of them before they are paid for unless credit shall be expressly extended. The majority ruling is contrary to the plain and unambiguous language of the Act and gives this court's approval to conduct which the Act clearly penalizes.

I am authorized to state that Chief Justice Duckworth concurs in this dissent.