22249. GARMON v. THE STATE.

Candler, Justice. An Act approved March 10, 1959 (Ga. L. 1959, p. 141; *Code Ann.* § 5-9914) declares: "Any person,

either on his own account or for others, who shall buy . . . cattle . . . . or other [agricultural] products or chattels, and shall fail or refuse to pay therefor or shall make way with or dispose of the same before he shall have paid therefor unless credit shall be expressly extended therefor, shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than five years." Otis C. Garmon was indicted in Worth County for committing the second offense created by that Act. The indictment alleges that he did on October 10, 1961, on his own account, buy from J. M. Sutton, doing business as Sutton Livestock Company, sixty head of cattle of the total value of $6,545.80 and did make way with and dispose of them before paying therefor, credit not having been expressly extended therefor. He demurred to the indictment on the ground that the sale price of the cattle—an essential element of the offense charged against him—was not alleged therein. And, by demurrer, he also attacked the validity of such Act on the grounds that it offends Art. I, Sec. I, Par. XXI of the Constitution of Georgia (*Code Ann.* § 2-121), which prohibits imprisonment for debt; Art. I, Sec. I, Par. III of Georgia's Constitution (*Code Ann.* § 2-103) which declares that no person shall be deprived of life, liberty or property, except by due process of law; and the fourteenth amendment of the Constitution of the United States (*Code* § 1-815) which declares that no State shall deprive any citizen of life, liberty, or property without due process of law, or deny to any person within its jurisdiction equal protection of the laws. The demurrer alleges that the Act of 1959 is violative of the enumerated constitutional provisions because it provides for imprisonment for debt and for criminal enforcement of a civil obligation untouched by the public interest and for felony punishment of an act requiring no fraudulent intent, malice or scienter of any kind, because it is an arbitrary and excessive exercise of the police powers of the State, and because it is discriminatory against the defendant. His demurrers were overruled and there is a proper exception to that judgment. He was convicted of the offense charged and the jury fixed punishment for him at not less than one nor more than two years in the penitentiary. He moved for a new trial on the usual general grounds, later amended his motion by adding

other grounds, and excepted to a judgment overruling his amended motion. *Held:*

1. There is clearly no merit in the contention that the indictment is defective because it fails to allege the purchase-price of the cattle which the accused bought. It alleges the value of the cattle when sold to him in Worth County on October 10, 1961; that they were purchased by him from J. M. Sutton doing business as Sutton Livestock Company; and that he did make way with and dispose of them before he paid for them, credit not having been expressly extended therefor. An indictment is sufficient when it alleges the nature of the offense plainly enough to be understood by the jury. *Thomas v. State,* 71 Ga. 44; *Lyles v. State,* 215 Ga. 229, 230 (1) (109 SE2d 785). Making way with or disposing of any of the agricultural products enumerated in or referred to by the Act before they are paid for when purchased at a cash sale is the offense which the General Assembly penalizes and the price which the purchaser agreed to pay therefor is not material and need not be alleged in an indictment charging a violation of the Act.

2. The Act of 1959 (*Code Ann.* § 5-9914) creates two separate and distinct penal offenses, namely, (1) failure or refusal of a purchaser to pay for any of the agricultural products mentioned or referred to in the Act when purchased at a cash sale, and (2) for the purchaser to make way with or dispose of any of such agricultural products before paying for same when credit therefor has not been expressly extended. *Plapinger v. State,* 217 Ga. 11 (120 SE2d 609). Here, the accused was indicted for a violation of the second offense created by the Act; and since this is true, the constitutional attacks which he makes will be considered only as they relate to that portion of the Act. *White v. City of Atlanta,* 134 Ga. 532 (12) (68 SE 103). In *Plapinger v. State,* supra, this court held that imprisonment for a violation of the second offense created by the Act is not imprisonment for debt in violation of that provision of Georgia's Constitution which prohibits such punishment; and a like ruling was again made in *Coffee v. State,* 219 Ga. 328 (133 SE2d 590). In the last cited case, it was also held that the second offense created by such Act does not offend the due process provision of this State's Constitution and for no reason stated in the demurrer do we think it offends either the due process requirement of the fourteenth amendment to the Constitution of the United States

or the provision thereof which requires equal protection of law. Equal protection is secured by a law which operates on all alike, without discrimination. See *Lamar v. Prosser*, 121 Ga. 153 (4) (48 SE 977); *Meyers v. Whittle*, 171 Ga. 509 (3) (156 SE 120). Since the Act applies alike to all who purchase agricultural products at cash sales, there is clearly no merit in the contention that it is discriminatory.

3. The evidence shows without dispute that the accused on October 10, 1961, through Dr. Thomas B. Sutton, purchased 60 head of cattle from J. M. Sutton, doing business as Sutton Livestock Company for the sum or price of $6,545.80; that the accused paid for them by two checks which he sent to Dr. Thomas B. Sutton, one for the sum of $6,460 payable to Sutton Livestock Company and the other for $100 payable to Dr. Thomas B. Sutton; that Dr. Sutton endorsed the one payable to himself for $100 and delivered both checks to W. E. Grubbs, bookkeeper and office manager for Sutton Livestock Company who deposited them to the account of Sutton Livestock Company in the Bank of Worth County on October 13, 1961; that both checks when presented for payment to the bank on which they were drawn were dishonored and returned to the Bank of Worth County with an entry of "insufficient funds" endorsed on each and both were charged back to the account of Sutton Livestock Company and were never thereafter paid by the accused. The evidence also shows without dispute that the cattle purchased by the accused were delivered by the seller (Sutton Livestock Company) to a truck driver the accused had sent from Kentucky for them on the day they were purchased and paid for with the two checks he had sent to Dr. Thomas B. Sutton. Hence, there is no merit in the contention that this was not a cash sale of cattle to the accused within the meaning of *Code Ann.* § 5-9914. See in this connection, *Savannah Cotton Press Assoc. v. MacIntyre*, 92 Ga. 166 (17 SE 1023); *National Bank of Augusta v. Augusta Cotton Compress Co.*, 104 Ga. 403 (1) (30 SE 888); *Flannery v. Harley*, 117 Ga. 483, 488 (43 SE 765); *Charleston &c. R. Co. v. Pope & Fleming*, 122 Ga. 577 (50 SE 374); *Troup v. State*, 209 Ga. 9 (70 SE2d 470).

4. There is also no merit in the contention that venue of the offense for which the accused was indicted and convicted was not shown to be in Worth County, Georgia. Respecting this

issue, the evidence conclusively shows that the accused on October 9, 1961, by telephone from his office in Summer Shade, Kentucky, contacted Dr. Thomas B. Sutton at his office in Sylvester, Worth County, Georgia, and requested him, as an agent of Sutton Livestock Company, to purchase for him from such livestock company 60 head of feeder cattle. Dr. Sutton pursuantly contacted Sutton Livestock Company and arranged for the accused to get from it the cattle he desired at and for the price of $6,545.80. The accused sent a truck to Worth County to pick up the cattle so purchased and sent with the truck driver two checks signed by himself totaling $6,560 which Dr. Sutton used for the purpose of paying Sutton Livestock Company for the cattle. After these checks were delivered to Sutton Livestock Company by Dr. Sutton, the cattle were loaded on a truck the accused sent for them at Sutton Livestock Company's stockyard in Worth County, Georgia, and were transported, pursuant to instructions from the accused, by his truck driver to Burkesville, Kentucky, where they were sold and delivered to Lloyd Bean by the accused, the consideration therefor being the extinguishment of a debt which the accused owed Bean. In these circumstances, we hold that venue of the offense was properly laid and shown by the evidence to be in Worth County, Georgia, and our holding is amply supported by the rulings of this court and the Court of Appeals in *Keys v. State,* 112 Ga. 392 (6) (37 SE 762, 81 ASR 63) ; *Carter v. State,* 143 Ga. 632 (3) (85 SE 884) ; *Whitaker v. State,* 9 Ga. App. 213 (70 SE 990) ; *Mangham v. State,* 11 Ga. App. 427 (2), 436 (75 SE 512) ; *Maynard v. State,* 47 Ga. App. 221 (170 SE 265) ; *Blocker v. State,* 58 Ga. App. 560 (199 SE 444).

5. Since the indictment alleges that the accused did make way with *and* dispose of the cattle in Worth County, he contends that it was incumbent on the State to prove that he not only made way with them in Worth County but that he also disposed of them in Worth County. This contention is not meritorious. When, as here, a defendant is charged with the violation of a penal statute containing disjunctively two ways a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways conjunctively if it charges more than one of them.

*Cody v. State*, 118 Ga. 784 (45 SE 622) ; and *Haley v. State*, 124 Ga. 216 (52 SE 159). Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent on the State to prove all of such separate ways alleged in the indictment, but the State makes out a prima facie case when it establishes any one of them. To "make way with" or "dispose of" are two separate ways the statute under which the accused was indicted can be violated and we hold that a purchaser of agricultural products who removes them, or causes them to be removed, beyond the limits of this State and thus places them where they cannot be reached by any of the processes of this State does "make way with" them within the meaning of that term as it is ordinarily used or employed in common parlance. Here, it is contended that the accused did not dispose of the cattle purchased from Sutton Livestock Company in Worth County; but it is freely conceded in the brief for the plaintiff in error that he did make way with them in Worth County, Georgia, when he had his truck driver transport them from the seller's stockyard in Worth County, Georgia, to Burkesville, in the State of Kentucky. And since the evidence conclusively shows that the accused did cause the cattle which he had purchased from Sutton Livestock Company to be removed from Worth County, Georgia, to Burkesville in the State of Kentucky, we hold that the jury was authorized to find that he did "make way with" them in Worth County, Georgia, within the meaning of *Code Ann.* § 5-9914, which, as previously pointed out, is one of the ways he could commit the offense charged against him.

6. It was not error for the court to refuse to give the following charge to the jury: "I charge you . . . that if you find in this case that the defendant did make way with and dispose of the cattle he is alleged to have bought from Sutton Livestock Company in any other place other than Worth County, Georgia, before the defendant did pay therefor, credit not having been expressly extended by Sutton Livestock Company for the said cattle, then it would be your duty under the law of Georgia to return a verdict of not guilty." A request to charge must be legal, apt and precisely adjusted to some principle involved in the case, and be authorized by the evidence. *Lewis v. State,* 196 Ga. 755 (3) (27 SE2d 659). A finding by the jury that the accused did "make way with"

and "dispose of" the cattle purchased from Sutton Livestock Company in Worth County, Georgia, was not required as a condition precedent to a conviction of the accused but proof of either would be sufficient; and since the request to charge was an incorrect statement of the law applicable to the instant case, the judge properly refused to so instruct the jury.

7. For the reasons stated in the preceding divisions, the judgments excepted to are not erroneous.

*Judgments affirmed. All the Justices concur.*

ARGUED NOVEMBER 12, 1963—DECIDED JANUARY 10, 1964—REHEARING DENIED JANUARY 22, 1964.

*Seymour S. Owens,* for plaintiff in error.
*W. J. Forehand, Solicitor General,* contra.