27566, 27567, 27569, 27570, 27571, 27572. MARSHALL v. THE STATE.

UNDERCOFLER, Justice. At the January, 1972 term of Early Superior Court W. T. Marshall, Jr., was charged in six separate indictments for failing to pay for certain agricultural products. The defendant was allowed to enter pleas of nolo contendere and was sentenced to serve three years in the penitentiary on each indictment with the sentences to run concurrently. During the same term of court the defendant moved to withdraw his pleas of nolo contendere because the indictments were void for stated reasons. The trial court denied the motions and the appeals are from these judgments. *Held:*

1. Although the appellant denominated his written motions to be "motions to withdraw his pleas of nolo contendere," there is no magic in mere nomenclature, even in describing pleadings. *Girtman v. Girtman,* 191 Ga. 173 (4) (11 SE2d 782). Under our rules of pleading substance, not mere nomenclature, controls. *McDonald v. State,* 222 Ga. 596 (1) (151 SE2d 121). The motions in these cases were filed during the term in which judgments were rendered and alleged that the indictments were void for certain reasons. Therefore, they will be treated by this court as motions in arrest of judgment as provided in *Code* § 27-1601.
The appellant in his motions asserted that the indictments

are void because they fail to allege sufficient facts to set forth an illegal purpose.

The Act of 1959 (Ga. L. 1959, p. 143), describes the crime of failing to pay for agricultural products as: "Any person, either on his own account or for others, who shall buy . . . hogs . . . and shall fail or refuse to pay therefor or shall make way with or dispose of the same before he shall have paid therefor unless credit shall be expressly extended therefor, shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than five years." *Code Ann.* § 5-9914.

The indictments here charge the defendant with "failing to pay for agricultural products," for on a certain day in Early County, he "did then and there, unlawfully buy agricultural products [describing the hogs] from John Mosely d/b/a W. L. Mosely Livestock Co. at the purchase price of [a definite amount] and did fail and refuse to pay therefor contrary to the laws of said State, the good order, peace and dignity thereof."

In *Garmon v. State,* 219 Ga. 575 (2) (134 SE2d 796), this court said: "The Act of 1959 (*Code Ann.* § 5-9914) creates two separate and distinct penal offenses, namely, (1) failure or refusal of a purchaser to pay for any of the agricultural products mentioned or referred to in the Act when purchased at a cash sale, and (2) for the purchaser to make way with or dispose of any of such agricultural products before paying for same when credit therefor has not been expressly extended. *Plapinger v. State,* 217 Ga. 11 (120 SE2d 609."

The defendant was indicted for violations of the first offense created by the Act and an essential ingredient of the offense is that the purchase be at a "cash sale." "If the defendant can admit all that is charged and still be innocent the indictment is fatally defective . . . , since such admission would not show . . . that the sale was a cash transaction." *Troup v. State,* 83 Ga. App. 151 (2) (63 SE2d 4). The indictments did not show that the transac-

tions were cash sales and are fatally defective.

2. In view of the above rulings, other questions need not be decided.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 14, 1972—DECIDED DECEMBER 4, 1972.

*Conger & Conger, J. Willis Conger,* for appellant.

*Joe M. Ray, District Attorney, Jesse G. Bowles,* for appellee.

