## 28066. MARSHALL v. THE STATE.

NICHOLS, Justice. This is an appeal from conviction under indictments charging the defendant with failure to pay for agricultural products purchased and taken away at cash sales where credit had not been expressly extended. Prior convictions of the defendant were set aside because the original indictments did not allege that the sales wherein the purchases were made were cash transactions. See *Marshall v. State,* 229 Ga. 841 (195 SE2d 12). *Held:*

1. The first four enumerations of error, as well as enumerations of error numbered 7 and 8, raise the same issue, to wit: Is the statute, Ga. L. 1959, p. 143 (Code Ann. § 5-9914) unconstituional, and is a conviction thereunder unconstitutional? This question has been considered by this court on at least four prior occasions (*Plapinger v. State,* 217 Ga. 11, 12 (120 SE2d 609); *Coffee v. State,* 219 Ga. 328, 331 (133 SE2d 590); *Garmon v. State,* 219 Ga. 575, 577 (134 SE2d 796); *Howard v. State,* 222 Ga. 525 (150 SE2d 834)), and while the attacks here made may vary in wording from the attacks previously made, such contentions are controlled by the prior decisions of this court adverse to the defendant and such attacks were properly overruled by the trial court.

2. The trial court did not err in admitting over objection of the defendant evidence of other transactions between the state's witness and the defendant which occurred within a short time of the transaction under investigation. Each transaction was of the exact same type as the one under investigation and was admitted solely for the purpose of showing motive, scheme or bent of mind. The other transactions were at a time when the defendant was making the same type of purchases and, while technically each constituted a separate transaction, yet, were all a part of the same overall course of conduct which resulted in the indictment for which the defendant was on trial. The evidence was admissible under the decision in *Bacon v. State,* 209 Ga. 261 (71 SE2d 615), relied upon by the defendant as authority for this enumeration of error.

3. While the witness for the state, John Moseley, testified that he

purchased livestock as the agent of the defendant, yet the method of transacting business between such witness and the defendant showed purchases by such witness from farmers followed by sales by such witness to the defendant.

4. In construing a former statute dealing with the same subject matter as here, this court held: "Where a sale for cash is consummated, and by some subterfuge the purchaser evades payment, the element of fraud enters. It is therefore evident that the statute was enacted to cover cash sales where payment was not, in fact, made, and contemplates a sale as being for cash though a period of time may elapse between delivery and payment. Therefore, whether a sale is for cash or on credit becomes a matter of fact for the jury in each particular case . . . Whether a sale is for cash or credit is determined by the intention of the parties to be ascertained from the agreement, understanding, or circumstances connected with the transaction." *Troup v. State,* 209 Ga. 9, 10 (70 SE2d 470). See also *Wilson v. State,* 215 Ga. 775, 776 (113 SE2d 607).

The evidence of the state showed a failure to pay by the defendant for cash sales while the evidence of the defendant would have authorized a finding of "credit" sales and no violation of the statute. Under such circumstances a jury question was presented and the conviction was authorized.

The verdict being authorized, and no error of law appearing, the conviction must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 10, 1973 — DECIDED SEPTEMBER 5, 1973 — REHEARING DENIED SEPTEMBER 19, 1973.

*Conger & Conger, J. Willis Conger,* for appellant.
*Ralph H. Foster, District Attorney, Jesse G. Bowles,* for appellee.