# Court of Appeals
# of the State of Georgia

ATLANTA,  June 25, 2025

*The Court of Appeals hereby passes the following order:*

**A25A2017. HARIM HICKS v. THE STATE.**

In 2019, Harim Hicks pleaded guilty to aggravated child molestation and contributing to the delinquency of a minor. Beginning in 2023, he filed numerous pro se motions, including a motion to withdraw his guilty plea, a motion for speedy trial, a motion to vacate his sentence, and a motion to withdraw both his motion to withdraw his guilty plea and his motion for speedy trial. In an omnibus order entered on December 23, 2024, the trial court acknowledged Hicks's withdrawal of his motion to withdraw his guilty plea and his motion for speedy trial, dismissed Hicks's motion to vacate his sentence, and denied his other pro se motions. Hicks filed a motion for default judgment, arguing that the trial court had failed to rule on his motion to withdraw his guilty plea and should vacate his plea agreement as void. The trial court denied the motion on April 14, 2025, and Hicks has filed this direct appeal.

A motion for default judgment is not appropriate in a criminal case. See OCGA § 9-11-55. Rather, it appears that Hicks—in substance—either sought reconsideration of the trial court's order of December 23, 2024, or to vacate his criminal conviction as void. See *Marshall v. State*, 229 Ga. 841, 841 (1) (195 SE2d 12) (1972) (explaining that "substance, not mere nomenclature" controls pleadings).

A motion for reconsideration does not extend the time for filing an appellate challenge to an appealable order, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d

187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). And a post-conviction motion to vacate an allegedly void conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case and any appeal from an order denying such a motion must be dismissed. See *Harper v. State*, 286 Ga. 216, 217-218 (1) & (2) (686 SE2d 786) (2009). For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
   Clerk's Office, Atlanta,___06/25/2025_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*