## LAMAR *v.* PROSSER.

CANDLER, J. 1. One who is arraigned for trial upon an accusation pending in a county court in this State, and who waives trial by jury and consents to be tried by the judge, will not be heard, after trial and conviction in this manner, to complain that the method of selecting the jury in the county court is unconstitutional, or to urge the invalidity of the act creating the court, on the ground that it provides for trial by a jury of only six men.

2. There is no merit in the contention that the act of the General Assembly providing for the establishment of county courts (Acts 1871-2, p. 294) is violative of article 1, section 4, paragraph 1, of the constitution of this

State.   The act in question is in no sense special legislation within the meaning of the constitutional inhibition.

3. One arraigned in a county court in this State, who waives trial by jury and consents to be tried by the judge, can not, after conviction and sentence, complain that he has been deprived of his liberty " without due process of law." A fair trial by an impartial jury is a constitutional right given to every person charged with crime ; but it by no means follows that every person charged with an offense against the penal laws desires to avail himself of this privilege. Some prefer to be tried by the judge, some even to plead guilty.

4. "Due process of law," as required by the fourteenth amendment to the constitution of the United States, means only that a man is to be tried, as every other man is tried, in accordance with the law of the land in the State where he is charged with crime.

5. Due process of law is secured by laws operating on all alike, without discrimination.   Caldwell v. Texas, 141 U. S. 211.

6. The act approved August 15, 1903 (Acts 1903, p. 90), is not unconstitutional as contravening article 1, section 1, paragraph 21, of the constitution of this State, declaring that there shall be no imprisonment for debt.

7. The General Assembly of this State can not, under the guise of a statute creating a criminal offense, imprison one who has failed to pay a debt ; but if one in becoming a debtor perpetrates a fraud upon another, it is not beyond the power of the legislature to denounce such fraud as a crime and imprison the one guilty of its perpetration.   *Lamar* v. *State*, 120 *Ga.* 312.

*Judgment affirmed.   All the Justices concur.*

Argued October 19,—Decided November 10, 1904.

Habeas corpus.   Before Judge Lewis.   Baldwin superior court. July 11, 1904.

*Hines & Vinson*, for plaintiff in error.
*J. E. Pottle, solicitor-general*, contra.