## DUNCAN *v.* THE STATE.

No. 7924. FEBRUARY 12, 1931.

*Jones, Evins, Powers & Jones, Branch & Howard, Astor Merritt,* and *D. S. Strickland,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

RUSSELL, C. J. An indictment for misdemeanor charged J. T. Duncan with willfully and knowingly, and without authority from the board of directors of the Douglasville Banking Company, same being a chartered bank incorporated under the laws of Georgia, overdrawing his account with said bank in the sum of $263.61. He demurred to the indictment on three grounds: (1) that the allegations therein do not charge the defendant with any offense under the law; (2) that the indictment does not charge that the bank sustained any loss, and does not charge that the alleged overdraft was made fraudulently or with any design or intent to defraud the bank; (3) that section 19 of article 20 of the act approved August 16, 1919 (Ga. L. 1919, p. 216), upon which the indictment is based, is void and unconstitutional, in that it is in contravention of paragraph 21 of section 1 of article 1 of the constitution of the State, which provides that "There shall be no imprisonment for debt," for the reason that the payment of an overdraft by a bank constitutes between the drawer thereof and the bank the relationship of debtor and creditor; and unless said overdraft is drawn and paid with some fraudulent intent or design, or

by some deceitful means or artful practices, the mere act of making and paying the same does not constitute an offense punishable by imprisonment, without an infringement of said constitutional provision; and said section of said act does not require as an ingredient of said offense, and said indictment does not allege, any fraudulent intent or design, or any deceitful means or artful practice in connection with said overdraft.

The demurrer was overruled, and the accused excepted. The case was transmitted to the Court of Appeals for review, and that court transferred the bill of exceptions and transcript of the record to this court. One of the questions to be determined in ruling upon the demurrer was whether section 19, article 20, of the banking act of 1919 was unconstitutional because of the provision contained in article 1, section 1, paragraph 21, of the constitution of Georgia, which declares that there shall be no imprisonment for debt. The cause was properly transmitted to this court, for the reason that the Court of Appeals is without jurisdiction in the matter, and the jurisdiction to determine the constitutionality of acts of the General Assembly is delegated by the constitution solely to the Supreme Court. There are other grounds of the demurrer which do not attack the constitutionality of the act.

We shall express ourselves first upon the question as to whether the portion of the act of the General Assembly referred to is unconstitutional. It is strongly argued that for one to give a worthless check, or draw a check for an amount in excess of his deposit, is but the creation of a debt; and that if the provision of the act referred to be enforced, it may result in imprisonment for debt, as forbidden by the constitution. Regardless of the fact that an officer of a bank would become civilly liable if he should obtain money or other thing of value from the creditor, and even if the bank might be entitled to sue and recover from one who made an overdraft within the terms of the statute as in an action for money had and received, and because the bank would be entitled ex equo et bono to collect the amount if the person who overdrew his account had sufficient funds to pay a judgment against him,—it is nevertheless true, in our opinion, that under this statute the officer who overdrew his account would be subject to criminal prosecution; that the performance of an act forbidden by law imposes criminal as well as civil liability is not at all in-

frequent. There are many instances of this in our code. It is insisted by the plaintiff in error that since it is not charged in the indictment that the drawing of the check which resulted in an overdraft was done with fraudulent intent, and it is not shown that any loss resulted to the bank, a mere debt was created, and that there can be no imprisonment for debt. Cases cited and quoted upon the brief do not sustain this contention. When the writer of this opinion, delivering the opinion of the Court of Appeals in *Youmans* v. *State,* 7 *Ga. App.* 101 (66 S. E. 383), said: "The punishment imposed for wrecking a bank is not imprisonment for debt. It is not debt but fraudulent conduct which section 206 of the Penal Code seeks to punish. Though, in perpetrating a fraudulent practice upon another, the perpetrator may become a debtor to the person defrauded, it is still within the province of the law to punish him. The bank's insolvency for which the officer having its affairs in charge may be criminally liable is not that which results from mere debt, but that which was caused by fraudulent violation of his fiduciary trust," it was declared that it is not debt, but fraudulent conduct, which § 206 of the Penal Code seeks to punish. And so it can be said in the present case, that it is not debt but the violation of an act of the lawmaking power, based upon the very soundest public policy, which section 19 of article 20 of the act of 1919 seeks to punish. Under this provision of the banking act, the punishment inflicted is not to punish the creation of a debt but is to punish the violation of a very necessary regulation of the banking business, enacted for the protection of stockholders, depositors, and all other creditors of any State banking institution.

In *Neidlinger* v. *State,* 17 *Ga. App.* 811 (88 S. E. 687), in which the writer delivered the opinion of the Court of Appeals, it was held: "Statutes should be so construed as to maintain, if possible, their validity. It is essential to the act of 1914, penalizing the drawing and uttering of worthless checks, drafts, or orders, that it be construed as applying only where there is a fraudulent intent on the part of the drawer. To construe it otherwise would be to declare it an instrument for the collection of debt by the processes of the criminal law, in contravention of sound public policy and of the constitution of the State." The statute in this case does not contain the word "fraudulent." Nor does the act of 1914 (Ga. L. 1914, p. 86), which provides that "any person who shall draw

and utter any check, draft, or order for present consideration upon a bank, person, firm, or corporation, with which such drawer has not at the time sufficient funds to meet such check, draft, or order, and shall thereby obtain from another money or other thing of value, or induce such person to postpone any remedy he may have against such drawer, shall be guilty of a misdemeanor," etc. In United States v. Allis, 73 Fed. 165-178, cited by counsel for plaintiff in error (which later appeared in the Supreme Court of the United States in 155 U. S. 117, 15 Sup. Ct. 36, 39 L. ed. 91) it was held that "every overdraft, whether by previous arrangement or not, and whether secured or not, and whether drawing interest or not, is a loan." In that case it was also held that fraudulent intent may be presumed; and in the charge of the court which was approved and commended by Mr. Justice Brewer of the Supreme Court the trial judge, who was Judge Sanborn, very uniquely called attention to the fact that if one went out to his stable and found the door open and a stranger holding his horse, bridled and saddled, who explained that he was only going to exercise the horse, he would judge that the intention of the stranger making the statement was rather that of stealing the horse than of walking him around saddled and bridled. Conceding for the sake of argument, but not deciding, that it should be proved upon the trial that the overdrawing of his account by one of the officers designated in the act was with fraudulent intent, is the indictment defective, or is the portion of the act attacked unconstitutional, because fraudulent intent is not mentioned in the indictment or the act? By demurrer the accused admitted all that was charged in the indictment. Under the Penal Code, § 954, "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." If the defendant admitted the act as charged in the indictment, it was in the language of the statute, and so plainly stated as to be understood by the defendant and by the jury. The gravamen of the offense is the violation of the law, which in the regulation of the banking business the General Assembly had the right to pass, without dealing at all with any civil liability. It is to the civil liability that the constitutional provision alone refers. The framers of the constitution did

not intend, by protecting the citizen against imprisonment for a mere debt, to thereby render one who happened to owe a debt immune from prosecution, if in creating the debt he violated, at the same time and in the same act, the penal statute in which all the citizens of the commonwealth are interested. Any other rule would protect one who obtained money by false pretense, or even by robbery. If one obtain property by exciting fear or by intimidation, and without the consent of the person assaulted, by knocking down or threatening with a pistol, he is guilty of robbery. The person robbed is entitled to civil redress and the restoration of his property, or to a suit for money had and received, if the accused has property from which the civil liability can be enforced. Still it would not be said that the penal statute against robbery is in violation of the constitutional provision which forbids imprisonment for debt. Civil liability and criminal liability are entirely different, and two distinct things. It has been held that punishments for violations of criminal statutes of various kinds were not unconstitutional, in that by the terms of the criminal statute the defendant might be imprisoned regardless of whether there were fraud or loss in the commission of the offense. As pointed out by Judge Sanborn in the last case cited above, one may be ever so honest, and his intention to repay may be ever so good; but if he violates a solemn statute of the State which in its terms has no reference to the question of debt but only to a healthful governmental regulation necessary for the maintenance of an honest banking system, the accused may be convicted for the violation of the law. So we hold that the 19th section of article 20 of the banking act of 1919 is not unconstitutional, and is not in conflict with article 1, section 1, paragraph 21, of the constitution. The court properly overruled the other grounds of the demurrer to which we have made general reference in discussing the question of unconstitutionality.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent for providential cause.*