TAYLOR v. THE STATE.

*T. T. Purdom* and *Haas, Gambrell & Gardner,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

ATKINSON, Presiding Justice. Ira Taylor was indicted for violation of the act of 1903 (Ga. L. 1903, pp. 90-91; Code §§ 26-7408, 26-7409), as follows: "Any person who shall contract with another to perform for him services of any kind, with intent to procure money or other thing of value thereby, and not to perform the service contracted for, to the loss and damage of the hirer, or, after having so contracted, shall procure from the hirer money, or other thing of value, with intent not to perform such service, to the loss and damage of the hirer, shall be deemed a common cheat and swindler, and upon conviction shall be punished as for a misdemeanor. . . Satisfactory proof of the contract, the procuring thereon of money or other thing of value, the failure to perform the services so contracted for, or failure to return the money so advanced with interest thereon at the time said labor was to be performed, without good and sufficient cause, and loss or damage to the hirer, shall be deemed presumptive evidence of the intent referred to in the preceding section." The defendant interposed a demurrer on the grounds that the statute violates (a) the 13th amendment to the constitution of the United States, which prohibits slavery or involuntary servitude, except as punishment for crime (Code, § 1-813); (b) an act of Congress of March 2, 1867, prohibiting peonage within the several States (8 U. S. C. A. 56); (c) the due-process clause and the equal-protection clause of the 14th amendment of the constitution of the United States (Code, § 1-815). Exceptions pendente lite to an order overruling the demurrer were filed. On the trial the judge charged the jury in the language of the statute, and refused the defendant's request for instruction based on the alleged unconstitutionality of the statute. A verdict was returned, the jury finding the defendant guilty. The defendant filed a motion for new trial, and a motion in arrest of judgment. In addition to the constitutional grounds set out in the demurrer, the motion in arrest of judgment charged

that the statute was violative of the provisions of the constitution of Georgia which prohibit slavery or involuntary servitude except as punishment for crime; also the provision of the constitution prohibiting imprisonment for debt; and the equal-protection and due-process clauses. The exception is to an order overruling the motion in arrest, and to the denial of a new trial. Error was also assigned on the exceptions pendente lite. In the brief of the attorney for the plaintiff in error it is stated: "Inasmuch as the defendant in seeking to set aside his conviction relies solely on constitutional grounds, the evidence set out in the record is material only in so far as it relates to these grounds."

■ The act approved August 15, 1903 (Ga. L. 1903, p. 90), entitled, "An act to make it illegal for any person to procure money, or other thing of value, on a contract to perform services, with intent to defraud, and to fix the punishment therefor, and for other purposes," is not violative of the 13th amendment to the constitution of the United States (Code, § 1-813), or of article 1, section 1, paragraph 17, of the constitution of Georgia (Code, § 2-117), prohibiting slavery or involuntary servitude except as punishment for crime. Nor is the act violative of the provisions forbidding peonage, found in the United States Revised Statutes, §§ 1990, 5526 (8 U. S. C. A. 56), enacted to secure the enforcement of such amendment. *Latson* v. *Wells,* 136 *Ga.* 681 (71 S. E. 1052); *Wilson* v. *State,* 138 *Ga.* 489; *Townsend* v. *State,* 124 *Ga.* 69 (75 S. E. 619).

■ The act approved August 15, 1903 (Ga. L. 1903, p. 90), is not violative of the due-process clause and the equal-protection clause of the 14th amendment to the constitution of the United States (Code, § 1-815), or of article 1, section 1, paragraphs 2 and 3, of the constitution of Georgia (Code, §§ 2-102, 2-103). See *Vance* v. *State,* 128 *Ga.* 661 (57 S. E. 889).

■ Nor is the said statute violative of article 1, section 1, paragraph 21, of the constitution of Georgia (Code, § 2-121), prohibiting imprisonment for debt. *Lamar* v. *State,* 120 *Ga.* 312 (47 S. E. 958); *Lamar* v. *Prosser,* 121 *Ga.* 153 (6) (48 S. E. 977); *Banks* v. *State,* 124 *Ga.* 15 (4) (52 S. E. 74, 2 L. R. A. (N. S.) 1007).

■ It follows the court did not err in charging the jury in the terms of the statute, or in refusing defendant's request to charge that the statute was unconstitutional and void.

(*a*) The request to overrule *Lamar* v. *State, Lamar* v. *Prosser, Banks* v. *State, Townsend* v. *State, Vance* v. *State, Latson* v. *Wells,* and *Wilson* v. *State,* is denied.

(*b*) The decisions in Bailey *v.* Alabama, 219 U. S. 219 (31 Sup. Ct. 145, 55 L. ed. 191), Manley *v.* Georgia, 279 U. S. 1 (49 Sup. Ct. 215, 73 L. ed. 575), and Western & Atlantic R. Co. *v.* Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 516), do not require a different result. See *Wilson* v. *State,* supra.

■ In this case a copy of a pauper affidavit was transmitted with the record to the Supreme Court. The affidavit was as follows:

"State of Georgia v. Ira Taylor. Appeal from verdict of guilty to a misdemeanor. Superior Court Wilkinson County, Ga.

"Personally appeared before the undersigned Ira Taylor, defendant, who on oath says that he is unable to pay the costs, because of his poverty, in said case. Ira his mark Taylor (x).

"Sworn to and subscribed to before me this 23rd day of May, 1940. W. E. Boyer, N. P., Ex of. J. P."

*Held:* (*a*) It will be presumed from the recitals on the face of the affidavit that it was executed in a county in Georgia where the person before whom it was taken was a notary public and ex-officio justice of the peace authorized to administer the oath. *Abrams* v. *State,* 121 *Ga.* 170 (3) (48 S. E. 965) ; *Stidham* v. *Tanner Grocery Co.,* 47 *Ga. App.* 114 (169 S. E. 759).

(*b*) In *Abrams* v. *State,* supra, the officer who administered the oath was an officer commissioned by the Governor, and was of the same character as the officer in the present case. In *Dawson* v. *Dawson,* 106 *Ga.* 45 (2) (32 S. E. 29), the attesting officer was a mere commercial notary public, who was not required to be commissioned by the Governor. If this would not afford basis for a distinction, the decision in that case, having been concurred in by only four Justices, would yield to *Abrams* v. *State,* supra, concurred in by all the Justices.

(*c*) The affidavit was sufficient to relieve the plaintiff in error or his attorney from the payment of costs in bringing the case to the Supreme Court.

■ In view of the fact that the defendant relies solely on constitutional grounds, it is unnecessary to rule upon the sufficiency of the evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*