## COLLINS *v.* THE STATE.

No. 16818. OCTOBER 12, 1949.

*George L. Goode* and *Ben T. Wiggins,* for plaintiff in error.
*Winston Owen, Solicitor-General,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■
Headnote 1 requires no elaboration.

■ It is contended by the plaintiff in error that the last sentence of the act is a new and different subject-matter, not included in the title thereof, and for that reason the entire act is unconstitutional. That sentence of the act provides that "A failure to pay for the material or labor so furnished shall be prima facie evidence of the intent to defraud." In *Cady* v. *Jardine,* 185 *Ga.* 9, 11 (193 S. E. 869), it was held: "It is well settled that provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purposes for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words 'and for other purposes.'" As shown by its title, the general purpose of the act was to prohibit any person, with the intent to defraud, from using the proceeds of any payment made on account for the improvement

of real property for any other purpose than to pay for labor or services performed, if there be any obligation outstanding. To carry this general purpose into effect, the legislature declares in the last sentence what would constitute prima facie evidence of "the intent to defraud," and this is clearly germane to the general purpose. The constitutionality of the same act was attacked in *Johnson v. State,* 203 *Ga.* 147 (45 S. E. 2d, 616), and it was there held: "The intent to defraud is an essential element of the crime, and the provison making the failure to pay for labor or material prima facie evidence of intent to defraud is a rational connection between a proven fact and what is to be inferred therefrom and rests upon a definite basis. It is not an arbitrary presumption or legislative fiat. Neither is it a conclusive presumption, but a rebuttable one, as the way is left open to repel it by evidence either produced by the State or the accused." There is no provision in the act that is not germane to the general subject-matter embraced in its title, and it is therefore not unconstitutional for the reason asserted in the first ground of the general demurrer.

■ The act does not violate the constitutional inhibition against imprisonment for debt. In *Johnson v. State,* supra, it was held: "The act here in question creates a form of larceny after trust. . . The object of the act was to make penal the conversion of funds delivered for the purpose of applying to labor and material cost, with a provision that there would be a conversion when such funds were otherwise used while there remained any unpaid labor or material costs." The legislative purpose was to punish for the fraudulent conversion, and not for a failure to comply with a contractual obligation. See *Lamar v. State,* 120 *Ga.* 312 (47 S. E. 958).

■ It was held in *Johnson v. State,* supra, that the act in question was not in violation of the due-process clause of the 14th Amendment to the United States Constitution. For the same reasons as stated in that decision, it does not violate the equal-protection clause of that amendment.

For the reasons stated, the trial court did not err in overruling the general demurrer to the indictment.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*