MESSENGER *v.* THE STATE.

No. 17936.  Submitted July 14, 1952—Decided September 2, 1952.

*Aaron Kravitch,* for plaintiff in error.

*Andrew J. Ryan Jr.,* Solicitor-General, *Sylvan R. Garfunkel* and *Thomas M. Johnson Jr.,* contra.

DUCKWORTH, Chief Justice. The Constitution, art. 1, sec. 1, par. 21 (Code, Ann., § 2-121), declares: "There shall be no imprisonment for debt." This unambiguous language leaves no room for equivocation, exception, or doubt. It simply means that the sovereign people, speaking through its Constitution, commands the three departments of the government—legislative, executive, and judicial—and all officials of those departments to refrain from imprisoning a single person for debt. The Constitution is plain and the duty is clear. Nevertheless, the legislative department has enacted Code § 66-102, commanding certain employers to pay the wages of their employees twice a month; and then by Code § 66-9901 it has provided that, if any employer referred to in Code § 66-102 shall wilfully fail or refuse to make the payments therein required, he shall be sentenced to pay a fine not exceeding $200, and insolvency shall be the only defense to an indictment for such offense.

The solicitor-general points to the absence of any provision for sentence to prison and contends that the Constitution is not offended. The fact that criminal prosecution is authorized constitutes authority to imprison. To prosecute under this law requires the involuntary attendance of the accused upon the trial. This alone would constitute a degree of imprisonment forbidden by the Constitution. The arrest authorized by this law, no matter how short the time of its duration, would constitute imprisonment. *Savannah Guano Co.* v. *Stubbs*, 138 *Ga.* 409 (75 S. E. 433); 20 Words & Phrases 291. And see *Whittle* v. *Jones*, 198 *Ga.* 538 (32 S. E. 2d, 94); *Sanders* v. *McHan*, 206 *Ga.* 155, 157 (2) (56 S. E. 2d, 281). The inhibition of the Constitution applies to any and all imprisonment for debt, irrespective of the period of its duration or the means whereby it is accomplished. A similar statute, in so far as objective is concerned, was held by this court, in *Taylor* v. *State*, 191 *Ga.* 682 (13 S. E. 2d, 647), not to offend the Constitution because it was for fraud rather than debt that it authorized imprisonment. That decision was reversed in Taylor *v.* Georgia, 315 U. S. 25 (62 Sup. Ct. 415), and in *Taylor* v. *State*, 193 *Ga.* 531 (19 S. E. 2d, 267). It is not the right of the servants of the people to question the wisdom of what the people writes into its Constitution but a solemn duty to observe and uphold it.

The above statute was timely attacked by the demurrer to the indictment on the grounds that it offends the Constitution, and it was error to overrule the demurrer. This ruling renders all subsequent proceedings nugatory and requires an order setting aside the verdict and judgment of conviction and sentence therein.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*