### 26427. HILL v. BROWN.
### 26428. BASKINS v. SANDERS.

UNDERCOFLER, Justice. These cases are election contests for the offices of Mayor and Councilman of the City of Canon. The evidence shows that the appellants, respondents in the trial court, were declared elected upon a plurality of votes. The trial judge found a majority vote was required for election and ordered runoff elections. These appeals are from these judgments. *Held:*

1. The appellants contend that Ga. L. 1968, pp. 885, 979, as amended by Ga. L. 1970, pp. 341, 345 (§ 34A-1501, Georgia Municipal Election Code, Contest Procedure) is unconstitutional under the due process clauses of the Federal and State Consti-

tutions because "of failure to provide for notice and opportunity for hearing to the successful candidate in a municipal election, and because of failure to require that the successful candidate be made a party thereto."

The provision of the statute attacked provides, "Upon the filing of the contest petition, a hearing shall be set before the governing authority of the municipality. Such hearing shall be conducted in accordance with procedures as set forth in the municipal charter or an appropriate ordinance, which shall be consistent with the provisions of this Code and the rules and regulations of the State Election Board." *Code Ann.* § 34A-1501 (a). No hearing was held by the municipal governing authority because the disqualification of certain members prevented a quorum. The contests were appealed by consent of the parties to the superior court. The appellants cannot challenge the constitutionality of a statute for failure to provide due process for a hearing which they have waived. *Lamar v. Prosser,* 121 Ga. 153 (48 SE 977).

2. The appellant Baskins, candidate for councilman, contends that a presumption exists that the City of Canon exercised its charter power to provide that councilmen would be elected by a plurality of votes; that the burden of proof was upon the appellee, the party contesting the election to show otherwise. We do not agree. *Code Ann.* § 34A-1407 provides: "(a) If the municipal charter or ordinance, as now existing or as amended subsequent to the effective date of this subsection, provides that a candidate may be nominated or elected by a plurality of the votes cast to fill such nomination or public office, such provision shall prevail. Otherwise, no candidate shall be nominated for public office in any primary or elected to public office in any election unless such candidate shall have received a majority of the votes cast to fill such nomination or public office."

The burden was upon the appellant to show an exception to the general provisions of the Municipal Election Code requiring a majority vote. The record fails to show any such ordinance.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

ARGUED APRIL 12, 1971—DECIDED MAY 6, 1971.

E. *Freeman Leverett,* for appellants.

*Guy B. Scott, Jr., Andrew J. Hill, Jr.,* for appellees.

FELTON, Justice, dissenting. I respectfully and most vigorously dissent from the judgment and ruling of the majority. The appellant was respondent in an election contest petition filed by his opponent. Appellant, in his responsive pleadings filed before the Mayor and Councilmen of the City of Canon, raised the question of the constitutionality of Ga. L. 1968, pp. 885, 979 (*Code Ann.* § 34A-1501), as amended by section 12 of the Act approved March 20, 1970 (Ga. L. 1970, pp. 341, 345). The majority finds no fault with the procedural attack on the above Acts of the General Assembly. The majority holds that, by appealing the case from the mayor and council to the superior court, the appellant waived the right to contest the validity of a hearing which he had waived by the act of appealing the contest case from the mayor and council to the superior court. I have never heard of such a contention. If the principle contended for by the majority is true and sound, nothing would ever be tried on appeal from an inferior court to a superior court by the consent of the parties because both sides would be deemed to have waived whatever they contended for in the tribunal from which the case is appealed.

The majority cite as authority for their holding that the constitutional question was waived, the case of *Lamar v. Prosser,* 121 Ga. 153 (48 SE 977). I respectfully contend that that case is not authority for the majority holding. It simply holds that one charged with a crime cannot expressly waive a jury trial and after a conviction in a trial conducted before the judge, claim that he has been deprived of his constitutional right of trial by a jury. If that is authority for the majority's ruling, I have a strong suspicion I am in the wrong place.