27494. SMITH v. THE STATE.

SUBMITTED OCTOBER 11, 1972—DECIDED NOVEMBER 15, 1972.

*Fredericks, Jones & Wilbur, Carl Fredericks,* for appellant.

*Ben F. Smith, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

GRICE, Presiding Justice. Bernard D. Smith was indicted by the Grand Jury of Cobb County for the offense of theft

by conversion as defined by *Code Ann.* § 26-1808 (a) (Ga. L. 1968, pp. 1249, 1293; 1969, pp. 857, 868).

That section provides as follows: "A person commits theft by conversion when, having lawfully obtained funds or other property of another under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of such agreement or legal obligation. This section applies whether the application or disposition is to be made from the funds or property of another, or from the accused's own funds or property in equivalent amount when the agreement contemplates that the accused may deal with the funds or property of another as his own."

The presentment before the Superior Court of Cobb County stated that Smith had lawfully obtained $15,219.23 belonging to O. L. Ragan under an agreement with Ragan, which he knowingly converted to his own use in violation of the agreement.

Appellant filed a demurrer to the indictment, alleging that this Code section provides for imprisonment for debt, involuntary servitude and deprivation of liberty without due process of law, which is prohibited by Art. I, Sec. I, Par. XXI of the Georgia Constitution (*Code Ann.* § 2-121).

The trial court overruled appellant's demurrer and certified the issue for immediate review.

In support of appellant's contentions he relies upon the cases of *Messenger v. State,* 209 Ga. 340 (72 SE2d 460) and Taylor v. Georgia, 315 U. S. 25 (62 SC 415, 86 LE 615). Those cases are not controlling here.

In *Messenger,* the provisions voided by this court authorized criminal prosecution and a fine against certain employers for the wilful failure or refusal to pay their employees' wages twice a month. We held that this amounted to an imprisonment for debt forbidden by the Georgia Constitution (*Code Ann.* § 2-121, supra).

In Taylor, the Supreme Court of the United States reversed this court, holding that the presumption of criminal

intent embodied in the statute there under attack was violative of the Thirteenth Amendment of the Federal Constitution (*Code* § 1-813). The court stated at p. 29: "The necessary consequence is that one who has received an advance on a contract for services which he is unable to repay is bound by threat of penal sanction to remain at his employment until the debt is discharged," which amounted to involuntary servitude.

Here, a completely different situation is presented by the statute under consideration. The instant Act provides a criminal penalty for one who has obtained money under a lawful agreement and then knowingly converts the funds to his own use. Here there is no presumption of fraud implied for legal indebtedness for wages or services due, as was involved in the *Messenger* and Taylor cases.

Rather, we find the decision of *Collins v. State,* 206 Ga. 95, 97 (55 SE2d 599), to be more clearly in point. This court stated that the statute involved therein did not provide for an unconstitutional imprisonment for debt or peonage, but that it created a form of larceny after trust.

In our view, what was said there is applicable here: "The legislative purpose was to punish for the fraudulent conversion, and not for the failure to comply with a contractual obligation." It follows that *Code Ann.* § 26-1808 is not unconstitutional for any of the grounds urged by appellant.

Accordingly, the trial court did not err in overruling the demurrer to the indictment.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

GUNTER, Justice, dissenting. The majority opinion holds that the statute (*Code Ann.* § 26-1808) under which the appellant was indicted does not violate the provision of the Georgia Constitution (*Code Ann.* § 2-121) which prohibits imprisonment for debt. I am of the opinion that this statute does violate this provision of the Georgia Constitution.

This statute says that one commits theft by conversion when, having lawfully obtained funds or other property of another under an agreement or other known legal obliga-

tion to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of such agreement or legal obligation. The statute then goes on to say that it applies even "when the agreement contemplates that the accused may deal with the funds or property of another as his own."

It is this latter part of the statute which leads me to the conclusion that the statute as a whole conflicts with the Constitution of Georgia. If one obtains funds or property pursuant to an agreement which "contemplates" that the one obtaining such funds or property may deal with the same "as his own," then the other contracting party by the very terms of the "agreement" allows the accused to deal with the funds or property as if it were the funds or property of the accused.

And an accused who is allowed by contract to deal with another's property "as his own," cannot be convicted and incarcerated for dealing with such funds or property in any manner, provided he could deal with his own funds or property in that manner.

One who deals with another's funds or property "as his own" may incur an obligation or liability to the true owner, but under such a contract or agreement he cannot commit an offense for which he can be confined in jail. The Georgia Constitution says that a citizen cannot be imprisoned for debt. That means that one cannot be imprisoned for incurring a monetary obligation or liability to another.

As I read this statute in its entirety, it permits one to be convicted and confined for incurring a monetary obligation or liability to another with whom the former has contracted to deal with the latter's funds or property "as his own."

I think the Georgia Constitution proscribes a conviction and confinement under such a contract.

I respectfully dissent.