### 53085. CLONTZ v. THE STATE.

DEEN, Presiding Judge.

The defendant was convicted of seven counts of theft by deception, under Code § 26-1803 referring to artful means and deceitful practices with the intention of depriving the owner of said property. Prior to December, 1975, he had been employed by the owner of a tractor-trailer on a truck lease to a common carrier. During December the truck broke down and whatever arrangement the parties had been functioning under ceased. On seven occasions between January 11 and February 2, sometimes under his own name and sometimes under an alias, Clontz went to an office of Truckstops of America, which had an arrangement with this and other carriers to advance cash to drivers of vans having contracts with them, represented himself as having been authorized to receive various cash advances, and did in fact receive the money requested. Eventually a lookout was posted and he was apprehended.

1. The evidence, including statements by the defendant that he was owed money by the original lessee-driver and thought this was a good way to get it back, was sufficient to support the conviction.

2. The defendant was given the benefit of affirmative defenses of misapprehension, accident, and misfortune, that a finding of criminal intent was necessary for conviction, that criminal intent would not be presumed, and that if the jury found the defendant acted under an honest claim of right it would be their duty to acquit. The instructions were adequate to preclude any conclusion on their part that the defendant could be

convicted of the crime charged merely because he owed the money. The requested instructions that "Georgia law pertaining to the offense of theft does not provide for imprisonment for debt" and that mere failure to comply with a contractual obligation is not theft were properly refused. As to imprisonment, this refers to the sentencing rather than the guilt phase of the trial. Contractual obligation was not involved under the evidence. It is not the breaking of a contractual obligation but the conversion of another's funds to one's own use with intent to deprive the true owner that makes the act a theft, and *Smith v. State,* 229 Ga. 727 (194 SE2d 82) while using some of the language requested here, holds that Code § 26-1808 does *not* provide for imprisonment for debt. Much less does Code § 26-1803, the statute involved here. The question under the evidence was not whether the defendant owed a debt but whether he knew he had no claim of right to the cash advances which he arranged for and received after all connection with both the carrier and the lessee-driver had been severed.

3. It was not error to fail to charge the third defense set out in Code § 26-1810 (the first two having been given as affirmative defenses). Code § 26-1810 (c) applies only to defenses involving purchase when material has been exposed for sale, and was not relevant to the issues here.

*Judgment affirmed. Webb and Smith, JJ., concur.*

Submitted November 2, 1976 — Decided November 12, 1976.

*Langdale & Vallotton, William P. Langdale, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Richard Shelton, Assistant District Attorney,* for appellee.