36408, 36409. COBB v. THE STATE (two cases).

CLARKE, Justice.

Willie Cobb is appealing two convictions for having issued bad checks in payment of an existing debt for automobile rentals. In his appeal, he attacks the constitutionality of Code Ann. § 26-1704 (f).

Code Ann. § 26-1704 provides that a person commits criminal issuance of a bad check when he gives a check in exchange for a present consideration or wages knowing that it will not be honored by the drawee. Subsection (f), which is under attack here, says: "[F]or purposes of this section, 'present consideration' shall include without limitation an obligation or debt of rent which is past due or presently due. . ." Cobb argues that if the giving of the worthless check was in payment of an existing debt, the payee has been deprived of nothing of value and the punishment is, therefore, for the underlying debt. He contends further that because of this, the subsection is unconstitutional.[1]

The act of the General Assembly in question here is a recent one, having been enacted in 1978. The text of § 26-1704 as it existed prior to that time contained no exceptions or qualifications to the requirement that the check be in exchange for a present consideration in order for there to be a violation of the statute. That section of the Code came into existence in 1968 and was the successor to a series of statutes dealing with bad check violations. Prior to 1968, the statutes required the state to show an intent to defraud as an element to the crime. We therefore assume that the intention of the General Assembly in enacting the 1968 statute was to carry forward this principle by limiting criminal violations for passing bad checks to those instances where the check was given in exchange for something

---

[1]The Constitution of the State of Georgia, Art. I, Sec. I, Par. XX (Code Ann. § 2-120) provides: "There shall be no imprisonment for debt."

of value as opposed to the check being given for an antecedent obligation. This Court has in fact held that the giving of a worthless check for an antecedent debt with a false statement by the maker that he has funds to meet the same was not an offense under a former Code section. *Berry v. State,* 153 Ga. 169 (111 SE 669) (1922).

When the General Assembly enacted § 26-1704 (f), it effectively removed the requirement of present consideration as to bad check offenses relating to payment of rent or state taxes. This action raises two questions. First, does the new act impose the threat of punishment for debt and second, if it does not, is a violation under the new act an offense in which there is a legitimate state interest justifying criminal prosecution?

(1) There can be no question that the Constitution of this state prohibits imprisonment for debt. In referring to the constitutional prohibition, this Court has said: "This unambiguous language leaves no room for equivocation, exception or doubt. It simply means that the sovereign people, speaking through its Constitution, commands the three departments of government — legislative, executive and judicial — and all officials of those departments to refrain from imprisoning a single person for debt." *Messenger v. State,* 209 Ga. 340 (72 SE2d 460) (1952). That case dealt with the failure to pay wages on a certain schedule and not with the question of giving a bad check for an antecedent debt.

The question presently before the court is a different one. The debt existed prior to the giving of the bad check, and the debt continued to exist after the giving of the bad check. The act of giving the check did not create the debt, and in the absence of the act, no violation of the law occurred under this statute, nor could it constitutionally occur. Although the giving of the check was related to the debt, it is not the debt. Therefore, a person who might be imprisoned for the act of giving a bad check for rent or state taxes is not imprisoned for debt but, rather, for an independent act. This proposition is supported by the holding of this Court in *Duncan v. State,* 172 Ga. 186 (157 SE 670) (1930). In that case, the court upheld as constitutional a section of the banking laws of 1919 which made it a misdemeanor for any officer, agent or employee of a bank to knowingly overdraw his account without approval of the board of directors and thereby obtain money from such bank. The court there rejected the argument that giving a worthless check or overdrawing an account was merely creation of a debt and that enforcement of this act would result in imprisonment for debt. The court found: ". . . that it is not debt but the violation of an act of the lawmaking power, based upon the very soundest public policy, which section 19 of article 20 of the act of 1919 seeks to punish." Id. at 188. We hold that the Code

section in question here, Code Ann. § 26-1704 (f), does not authorize imprisonment for debt as prohibited by the Constitution of this state.

(2) The remaining question is whether the act of giving a bad check in payment for an existing debt for rent or state taxes is one in which the state has a legitimate interest to the extent that it can regulate this behavior through the exercise of its police powers. We hold that there is such a legitimate interest. When a person knowingly gives a bad check in payment for an existing debt for rent or state taxes, he creates a circumstance under which detriment and damage might be suffered by the payee for a number of reasons. Among these reasons is the fact that the payee might allow the giver of the check to continue in possession of rented property as a result of the representation that the check was good. The payee might very well deposit the bad check in payee's account and proceed to write checks on the account without knowledge that the check received would not be honored. There are many other acts which the payee might have performed to his own detriment as a result of a bad check being given to him. In addition to this, it is in the interest of the state to insure the orderly flow of commerce and to prevent the disruption and mischief which worthless check passing promotes. See State v. Avery, 111 Kan. 588 (207 P 838) (1922). This legitimate interest is a proper and appropriate basis for the creation of a criminal liability. Consequently, Code Ann. § 26-1704 (f) is constitutional.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 27, 1980 — DECIDED
OCTOBER 22, 1980.

*Wallace C. Clayton,* for appellant.
*Herbert A. Rivers, Solicitor, David Cook, Assistant Solicitor,* for appellee.