## 41782. STATE OF GEORGIA v. HIGGINS.
### (326 SE2d 728)

MARSHALL, Presiding Justice.

Two criminal accusations were returned against the appellee. One was for failure to pay state income taxes, and the other was for failure to timely file a state income tax return. The offenses were alleged in the accusations to have occurred in separate years from 1978 through 1983. Under OCGA § 48-7-2, the failure to pay any tax and the failure to make any return are made misdemeanor offenses. The appellee demurred to the accusations on various grounds, one of which being that the foregoing statute violates the provision of our state Constitution prohibiting imprisonment for debt. Art. I, Sec. I, Par. XXIII of the Georgia Constitution of 1983. The state court sustained the demurrers. The state appeals.

1. The Georgia Constitution's prohibition against imprisonment for debt has undergone gradual modification throughout our state's history.

This constitutional provision first appeared in the Georgia Constitution of 1798 as Art. IV, Sec. VII. It provided as follows: "The person of a debtor, where there is not a strong presumption of fraud, shall not be detained in prison after delivering up, bona fide, all his estate, real and personal, for the use of his creditors, in such manner as shall be hereinafter regulated by law." See McElreath, Constitution of Georgia, § 408, p. 265. This provision was modified in the Georgia Constitution of 1861, Art. I, Sec. XXVI, to provide the following: "The person of a debtor shall not be detained in prison after delivering bona fide all his estate for the use of his creditors." McElreath, supra at § 465, p. 283. Four years later in the Georgia Constitution of 1865, Art. I, Sec. XIX, this constitutional provision was again changed to provide: "The person of a debtor shall not be detained in prison, after delivery, for the benefit of his creditors, of all his estate not expressly exempted by law from levy and sale." Id. at § 567, p. 300. Three years after that, in the Georgia Constitution of 1868, Art. I, Sec. XVIII, this provision was once again changed to succinctly provide: "There shall be no imprisonment for debt." This language from the Georgia Constitution of 1868 has been carried forward in identical form in the Georgia Constitutions of 1877, 1945, 1976, and 1983.

As stated in *Messenger v. State*, 209 Ga. 340, 341 (72 SE2d 460) (1952), "The inhibition of the Constitution applies to any and all imprisonment for debt, irrespective of the period of its duration or the means whereby it is accomplished."

2. Most state constitutions contain provisions which, in one form or another, prohibit imprisonment for debt. 48 ALR3d 1324, Anno., Constitutional Provision Against Imprisonment for Debt as Applica-

ble to Nonpayment of Tax. The parties dispute the interpretation of the cases contained in this ALR Annotation. The interpretation of these cases is summarized in § 2 of the Annotation at pp. 1326-1327; and this summary, which we cite immediately below, sustains the interpretation advocated by the appellee:

"Upon the theory that constitutional guaranties against imprisonment for debt have as their purpose the prevention of the useless and often cruel imprisonment of persons who, having honestly become indebted to another, are unable to pay as they undertook and promised, the courts in some cases have apparently taken the general view that unpaid taxes are not ordinarily 'debts' within the contemplation of the constitutional provision. A broader rationale has been relied upon in some cases in which it was said that 'debt' under the provision refers only to contractual obligations, and where the prohibition expressly limits debts to those founded upon or arising out of contract, it has been held that taxes clearly are not included. And upon the view that the penalty of imprisonment for nonpayment of taxes or license fees upon occupations, privileges, and similar activities is imposed, not for refusal or inability to pay the tax, but for violation of a duty imposed upon the taxpayer by the law, the courts in many cases have held that statutes, ordinances, and other regulations imposing such taxes or license fees may lawfully authorize the imprisonment of those who fail to pay. A distinction, however, has been drawn between those cases involving taxes on occupation or excise taxes and those dealing with income taxes, and it has been held that 'debt' as used in the constitutional prohibition includes income taxes and other taxes not imposed for the pursuit of an occupation or the exercise of a privilege.

"While the constitutional prohibition may sometimes be regarded as including taxes within the term 'debt,' some provisions allowing imprisonment in case of fraud have been interpreted to exempt from their general prohibition wilful refusal to pay occupation and other taxes.

"In summary, it must be emphasized that under all the various particular constitutional provisions applicable in certain circumstances stated, it has been held in the overwhelming majority of cases that imprisonment for nonpayment of taxes, or at least for the exercise of the occupation or privilege conditioned upon their payment, or for the nonpayment of penalties associated with the initial failure to pay, does not come within the prohibition of the constitutional provision against imprisonment for debt. *The outstanding exception has been imprisonment for mere nonpayment of income taxes.*" (Emphasis supplied; footnotes omitted.)

3. OCGA § 48-7-2 provides, in full: "(a) It shall be unlawful for any person who is required under this chapter to pay any tax, make

any return, keep any records, supply any information, or exhibit any books or records for the purpose of computation, assessment, or collection of any tax imposed by this chapter to fail to: (1) Pay the tax; (2) Make the return; (3) Keep the records; or (4) When requested to do so by the commissioner: (A) Supply the information; or (B) Exhibit the books or records. (b) In addition to other penalties provided by law, any person who violates subsection (a) of this Code section shall be guilty of a misdemeanor." (Code 1933, § 92-3217, enacted by Ga. L. 1937, p. 109, § 17; Code 1933, § 91A-9930, enacted by Ga. L. 1978, p. 309, § 2.)

4. We hold that an income tax is a debt — albeit a public debt, as opposed to a private, contractual debt. It is, however, a debt nonetheless. Therefore, we agree that § 48-7-2 (a) (1) is unconstitutional on state law grounds to the extent that it authorizes imprisonment for mere nonpayment of income taxes. The state court did not err in sustaining the demurrer to the accusation for nonpayment of state income taxes on this ground.

5. However, we perceive no constitutional inhibition against criminalizing the failure to make an income tax return. Consequently, the trial court should not have sustained the demurrer to that accusation on constitutional grounds. But, that accusation charges the appellee with failure to make a "timely return," whereas the statute makes it unlawful merely to fail to make a return. We cannot say that the trial court erred in sustaining the demurrer because of that variance.

*Judgment affirmed. All the Justices concur.*

WELTNER, Justice, concurring.

I write only to suggest that, in my opinion, this case (and particularly Division 4) should not be considered as a proscription of all possible criminal sanctions for failure to pay taxes.

The provisions of OCGA § 48-7-2 (a) (1) make criminal the failure to pay income taxes — for any reason. Thus, included within its ambit is the citizen trapped within the toils of honest poverty, who, even through the best of effort and good faith, is unable to pay the tax.

A criminal provision drawn in terms of a "wilful failure" to pay tax would be an entirely different matter, as it would catch the intentional tax evader without at the same time ensnaring the hapless pauper.

DECIDED MARCH 5, 1985.

*Donald C. English, Assistant Solicitor,* for appellant.

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen,* amicus curiae.
*Denmark Groover,* for appellee.