## A90A1172. COOLEY v. THE STATE.
### (398 SE2d 414)

Cooper, Judge.

Appellant was indicted by a grand jury for the offense of criminal issuance of a bad check pursuant to OCGA § 16-9-20. The appellant waived his right to a jury trial and agreed to submit the case to the trial court on ten stipulated facts. The stipulations related that the magistrate court had issued a judgment against appellant, and appellant paid that judgment to the creditor with a check on a closed account. Appellant knew that the check would not be honored by the drawee. Two stipulations provided that the creditor did not advance additional credit, goods or services at the time of the issuance and acceptance of the check and that the judgment granted against appellant was for past due rents. The trial court found appellant guilty, and appellant appeals from the probated sentence and payments ordered by the trial court.

1. In his first enumeration of error, appellant contends that the conviction was in error because there was no "present consideration" for the check as required by the statute. OCGA § 16-9-20 (f) (2) (A) states that "present consideration" shall include without limitation "[a]n obligation or debt of rent which is past due or presently due." Appellant's argument that because the check was given to satisfy a judgment rendered by a magistrate court, it was no longer a debt of past due rent, is incorrect. "When the General Assembly enacted [OCGA § 16-9-20 (f)], it effectively removed the requirement of present consideration as to bad check offenses relating to payment of rent. . . ." *Cobb v. State*, 246 Ga. 567, 568 (272 SE2d 299) (1980). The judgment was a judgment for past due rents, as stipulated by the parties; therefore, the trial court did not err in finding the appellant guilty of the crime charged. We likewise disagree with appellant's second enumeration that the court erred in construing subsection (f) of the statute too broadly. The trial court's decision complied with the wording of the statute.

2. Appellant's argument that the application of OCGA § 16-9-20 (f) in this case would violate the provisions in the Georgia Constitution prohibiting imprisonment for a debt was dismissed in *Cobb v. State*, supra. This enumeration has no merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 19, 1990.

*Word & Flinn, T. Michael Flinn,* for appellant.
*William G. Hamrick, Jr., District Attorney, George F. Hutchinson III, Assistant District Attorney,* for appellee.